**Charles W. WRIGHT, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 10A01–9706–CR–194.

Court of Appeals of Indiana.

Dec. 5, 1997.

Jeffrey D. Stonebraker, Chief Public Defender, Vicki L. Carmichael, Assistant Public Defender, Jeffersonville, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Rachel C. Zaffrann, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

BAKER, Judge.

Appellant-defendant Charles W. Wright appeals the revocation of his probation, presenting several arguments for our review. However, because we find his contention that the State failed to present sufficient evidence of his probation violation to be dispositive, we address only this issue on appeal.

### FACTS [1]

The facts most favorable to the trial court's judgment reveal that Wright was convicted of Intimidation,[2] a Class D felony, and three counts of Harassment,[3] all Class B misdemeanors, for threatening the life of Dr. Bruce Geer, after Dr. Geer refused to prescribe a controlled substance for him. Thereafter, on May 1, 1995, Wright was sentenced to three years imprisonment for intimidation and six months for each count of harassment. The sentences were to be served consecutively for a total sentence of four and one-half years imprisonment.

During his incarceration, Wright filed a complaint against Dr. Geer, alleging medical malpractice. Shortly thereafter, on July 5, 1996, Wright filed a petition to modify his sentence. Prior to the modification hearing, Wright wrote a letter to Dr. Geer expressing his intent to terminate his action if his sentence were modified and he were permitted to serve the remainder of his sentence on probation. Due to Wright's letter, Dr. Geer

did not contest Wright's sentence modification. The trial court then granted Wright's petition, suspending the remainder of his sentence and placing him on probation. As a condition of his probation, Wright was prohibited from contacting Dr. Geer or any member of his family. Thereafter, Wright dismissed his lawsuit against Dr. Geer.

On December 27, 1996, however, Wright filed another complaint against Dr. Geer, alleging common law negligence, destruction of the doctor/patient relationship and harassment. Subsequently, the Clark County Sheriff's Department served Dr. Geer with Wright's summons, complaint and a set of interrogatories which had been filed with the complaint.

In response, the State filed a petition to revoke Wright's probation. In particular, the State claimed that Wright had violated the "no contact" condition of his probation by filing the lawsuit against Dr. Geer and serving him with a summons and interrogatories. Following the revocation hearing on February 26, 1997, the trial court revoked Wright's probation, finding that Wright had violated the "no contact" order. Specifically, the trial court found that Wright's action of filing a lawsuit was an indirect written communication which was prohibited by the no-contact order. The trial court then ordered Wright to serve the remainder of his executed sentence. Wright now appeals the revocation of his probation.

### DISCUSSION AND DECISION

■ Wright claims that the State failed to present sufficient evidence that he violated the no-contact order. Specifically, he contends that his mere act of filing a lawsuit against Dr. Geer was insufficient to show that he "contacted" him.

■ Initially, we note our standard of review. When reviewing the sufficiency of the evidence supporting a trial court's revocation of a defendant's probation, we apply the same standard used to determine any other sufficiency question. *Hensley v. State,*

---

1. Oral argument was held in this cause on November 18, 1997, in Bloomington, Indiana.

2. IND. CODE § 35–45–2–1.

3. IND. CODE § 35–45–2–2.

583 N.E.2d 758, 759 (Ind.Ct.App.1991). We do not reweigh the evidence or judge the credibility of witnesses; rather, we consider only the evidence most favorable to the State and any reasonable inferences to be drawn therefrom. *King v. State,* 642 N.E.2d 1389, 1393 (Ind.Ct.App.1994). If there is substantial evidence of probative value to support the trial court's conclusion, revocation is appropriate. *Menifee v. State,* 600 N.E.2d 967, 970 (Ind.Ct.App.1992).

■ In order to revoke a defendant's probation, the State must prove, by a preponderance of the evidence, that the defendant violated a condition of his probation. *Id.* In the instant case, the only evidence that the State presented to show that Wright had violated the no-contact order was that he filed a lawsuit against Dr. Geer. According to the State, this evidence showed that Wright "contacted" Dr. Geer because the sheriff served Dr. Geer with a summons and complaint, notifying him of the lawsuit. We disagree.

Contact is defined as "establishing of communication with someone" or "to get in communication with." WEBSTER'S DICTIONARY 249 (10th ed.1993). Communication occurs when a person makes something known or transmits information to another. *Ajabu v. State,* 677 N.E.2d 1035, 1042 (Ind. Ct.App.1997), *trans. denied.* Further, communication may be either direct or indirect and is not limited by the means in which it is made known to another person. *Id.*

■ In the instant case, the purpose of the no-contact order was to prevent Wright from harassing and intimidating Dr. Geer or his family. Thus, in order for Wright to have "contacted" Dr. Geer in violation of his probation, he must have used the legal process as a means of harassing or making his threats known to Dr. Geer. Although the State contends that the lawsuit was filed solely for this purpose because it was essentially the same claim which Wright agreed to dismiss after his sentence modification and arose out of the same set of facts upon which he was previously convicted, Wright raises additional claims and joins additional parties in his second suit that were not included in his first suit. Therefore, even assuming that Wright's first lawsuit was dismissed with prejudice, we cannot conclude that his second complaint was filed merely to harass Dr. Geer, absent a determination that his current lawsuit is frivolous, unreasonable or groundless. *See* IND.CODE § 34–1–32–1. Because his mere act of filing a lawsuit did not constitute contact in violation of his probation, the State failed to present sufficient evidence that Wright violated the no-contact order. As a result, the trial court erred by revoking Wright's probation.[4]

The trial court's decision revoking Wright's probation is reversed and remanded for further proceedings not inconsistent with this opinion.

ROBERTSON and NAJAM, JJ., concur.

---

4. Wright also contends that the trial court did not have the authority to prevent him from filing a lawsuit against Dr. Geer. Specifically, he contends that such an order violates IND. CODE § 35–38–2–2.3, which permits a trial court to impose conditions of probation, and Article 1, Section 12, of the Indiana Constitution, which guarantees every person open access to the courts.

Initially, we note that this court is not permitted to address a constitutional issue when we can base our decision on any other statutory or common-law basis. *Bayh v. Sonnenburg,* 573 N.E.2d 398, 402 (Ind.1991), *cert. denied,* 502 U.S. 1094, 112 S.Ct. 1170, 117 L.Ed.2d 415 (1992). Moreover, as discussed above, the trial court prohibited Wright from "contact[ing] ... Dr. Geer or any member of his family." R. at 182. Nothing in this order, however, prohibits Wright from filing a lawsuit as Wright contends. Therefore, we need not determine whether the trial court could have prohibited Wright from filing a lawsuit as a condition of probation.