**Jeremy Michael FOSTER,**
**Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 02A04–0312–CR–644.**

Court of Appeals of Indiana.

Aug. 27, 2004.

John C. Bohdan, Deputy Public Defender, Fort Wayne, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SHARPNACK, Judge.

Jeremy M. Foster appeals the trial court's revocation of his probation. Foster raises one issue, which we restate as whether the condition of his probation prohibiting him from possessing sexually explicit materials is unreasonably vague. We reverse.

The relevant facts follow. In 2002, Foster pleaded guilty to sexual misconduct with a minor as a class C felony. The trial court sentenced Foster to four years in the Indiana Department of Correction with two years suspended and two years of probation. The trial court later modified his sentence to three years suspended instead of two years. The conditions of Foster's probation included the following: "You will not possess or view any pornographic or sexually explicit material (including: books, magazines, computer images, internet files, photographs, VCR cassettes, film or other materials)." Appellant's Appendix at 21.

On June 20, 2003, the State filed a petition for revocation of Foster's probation, and, on July 21, 2003, the trial court ordered Foster "returned to probation, subject to the same conditions ordered by this Court on May 29, 2002. Additional conditions of probation to include: zero tolerance and release to community correction agent." *Id.* at 8. On September 11, 2003, Jerry Britson, a home detention officer for Allen County Community Corrections, visited Foster's home. Britson found three Stuff for Men magazines and two Maxim magazines on the nightstand beside Foster's bed. The State filed a second petition for revocation of probation, alleging that Foster "was found to be in possession of pornographic/sexually explicit material...."[1] *Id.* at 14. At the revocation hearing, Foster argued that the term "sexually explicit" was unclear. The trial court found that Foster had violated his probation by possessing sexually explicit materials and ordered him to serve four years in the Indiana Department of Correction with credit for 303 days of time served in jail and 24 days of home detention.

The sole issue is whether the condition of Foster's probation prohibiting his possession of sexually explicit materials is unreasonably vague. A trial court enjoys broad discretion when determining the appropriate conditions of probation. *Smith v. State,* 779 N.E.2d 111, 117 (Ind. Ct.App.2002), *trans. denied.* However, this discretion is limited by the principle that the conditions imposed must be reasonably related to the treatment of the defendant and the protection of public safety. *Id.* Where the defendant challenges a probationary condition on the basis that it is unduly intrusive on a constitutional right, we evaluate that claim by balancing the following factors: (1) the purpose to be served by probation, (2) the

---

1. The State also alleged that Foster "[d]id not successfully complete Community Control supervision" and "[d]id not attend/complete counseling." Appellant's Appendix at 14. However, Nicki Caldwell of Allen County Community Corrections testified that Foster did not successfully complete the Community Control supervision and did not complete counseling because he was terminated from Allen County Community Corrections for possessing the magazines.

extent to which constitutional rights enjoyed by law-abiding citizens should be enjoyed by probationers, and (3) the legitimate needs of law enforcement. *Id.*

Foster argues "the condition of probation that [he] was found to have violated was impermissibly vague [and] the finding that he violated a term and condition of his probation is unsupported by the evidence." Appellant's Brief at 5. Foster relies upon our holding in *Smith*, 779 N.E.2d at 117–118. There, a condition of Smith's probation was that he could "not possess any pornographic or sexually explicit materials." *Id.* at 117. We held that "restricting exposure to a potential source of temptation [i.e., pornographic or sexually explicit materials,] would, in all probability, aid in [the defendant's] rehabilitation." *Id.* at 118. However, we concluded that "this particular condition of probation [was] unreasonably vague" for the following reasons:

A probationer has a due process right to conditions of supervised release that are sufficiently clear to inform him of what conduct will result in his being returned to prison. *U.S. v. Guagliardo*, 278 F.3d 868, 872 (9th Cir.2002) (citing *Grayned v. City of Rockford*, 408 U.S. 104, 108–09, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972)). And the Third Circuit Court of Appeals has held that a blanket prohibition on "pornography" is unclear and unconstitutionally vague. *U.S. v. Loy*, 237 F.3d 251, 267 (3rd Cir.2001). But the court in *Loy* stated that the lower court "could, perfectly consonant with the Constitution, restrict Loy's access to sexually oriented materials, so long as that restriction was set forth with sufficient clarity and with a nexus to the goals of supervised release." *Id.* The Third Circuit suggested that the restriction might

clarify "whether it extended to non-visual materials, or [might borrow] applicable language from the federal statutory definition of child pornography located at 18 U.S.C. § 2256(8)." *Id.*

Likewise, here, we remand to the trial court with instructions to set out any prohibition against "pornographic or sexually explicit materials" with more specificity. The definition of "child pornography" found in the federal statute might be a useful tool in this endeavor. *See* 18 U.S.C. § 2256(8). And the trial court might prohibit Smith from possessing any materials that fall under the definition of "obscene matter." *See* Ind. Code § 35–49–2–1. But whatever the court decides, the condition should be narrowly tailored to the goals of protecting the public and promoting Smith's rehabilitation. *See Loy*, 237 F.3d at 264.

*Id.*

Additionally, after Foster filed his appellant's brief, this court decided *Fitzgerald v. State*, 805 N.E.2d 857 (Ind.Ct.App.2004). There, the trial court imposed the following condition of probation:

You shall not possess or view any pornographic or sexually explicit materials, including but not limited to: videos, television programs, DVD's, CD's, magazines, books, Internet web sites, games, sexual devices or aids, or any material which depicts partial or complete nudity or sexually explicit language or any other materials related to illegal or deviant interests or behaviors. . . .

*Id.* at 866. On appeal, Fitzgerald argued, in part, that the terms "pornographic or sexually explicit materials" and "deviant interests or behaviors" were unconstitutionally vague.[2] *Id.* The State argued that

2. Fitzgerald argued that a violation of the condition did not occur unless the possession

or viewing of pornographic or sexually explicit materials or any material depicting partial

the condition of probation was more restrictive than the condition in *Smith.* *Id.* Relying upon *Smith,* we disagreed and held that the "purported specificity in this case, if less inclusive at all than the blanket prohibition against 'pornographic or sexually explicit materials,' is only slightly so." *Id.* at 867. Thus, we concluded that the "attempt at specificity [did] not save the probation condition from the attack as overbroad." *Id.*

Similarly, here, the trial court imposed a condition of probation that Foster could "not possess or view any pornographic or sexually explicit material (including: books, magazines, computer images, internet files, photographs, VCR cassettes, film or other materials)." Appellant's Appendix at 21. The State argues that this condition is not vague because, unlike *Smith,* Foster was specifically advised that the forbidden materials included books, magazines, computer images, internet files, photographs, VCR cassettes, film or other materials. However, as in *Smith* and *Fitzgerald,* the condition of probation does not define sexually explicit or pornographic. As in *Fitzgerald,* the "purported specificity in this case, if less inclusive at all than the blanket prohibition against 'pornographic or sexually explicit materials,' is only slightly so." *Fitzgerald,* 805 N.E.2d at 867. The condition is not sufficiently clear to inform Foster of what conduct would result in his being returned to prison. Consequently, this condition of probation suffers from the same vagueness problem as the conditions in *Smith* and *Fitzgerald.* As a result, we conclude that the condition is void for vagueness and that the trial court abused its discretion by revoking Foster's probation. *See, e.g., Smith,* 779 N.E.2d at 117–118; *Fitzgerald,* 805 N.E.2d at 866–867.

For the foregoing reasons, we reverse the trial court's revocation of Foster's probation.

Reversed.

DARDEN, J. and ROBB, J. concur.

---

or complete nudity or sexually explicit language was related to illegal or deviant interests or behaviors. *Fitzgerald,* 805 N.E.2d at 866. Thus, we addressed the issue based upon that argument. *Id.* However, we also noted that "[a]n alternative reading of the probation condition could result in conduct prohibitions even more sweeping than the prohibition contemplated by Fitzgerald." *Id.* at 866, n. 7. Specifically, the words "related to illegal or deviant interests or behaviors" could reasonably be read to refer only to possession of material that "depicts partial or complete nudity or sexually explicit language" and not to possession of "pornographic or sexually explicit materials." *Id.*