ATTORNEY FOR APPELLANT
Leanna Weissmann
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Cynthia L. Ploughe
Deputy Attorney General
Indianapolis, Indiana



## In the
## Indiana Supreme Court

No. 69S01-0708-CR-332

THERON W. HUNTER,                                    *Appellant (Defendant below),*

v.

STATE OF INDIANA,                                    *Appellee (Plaintiff below).*

Appeal from the Ripley Circuit Court, No. 69C01-9912-CF-43
The Honorable Carl Taul, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 69A01-0702-CR-61

**April 1, 2008**

**Dickson, Justice.**

The determinative issue in this case is whether there was sufficient evidence to support the revocation of the defendant's probation for violating a probation condition of disputed meaning. We conclude that the condition lacked sufficient clarity to provide the defendant with fair notice that the conduct at issue would constitute a violation of probation.

The defendant, Theron Hunter, was sentenced to eight years imprisonment with four

years suspended to probation.[1]  Three months after his release and the commencement of his probation, the Ripley County Probation Department sought to revoke his probation.  After an evidentiary hearing, the trial court found that he had violated the conditions of his probation, finding that he had been "living in a residence located approximately 15 feet from a house trailer where three (3) minor children reside with their parents and that he has been in the house trailer at least once a week while the children were present."  Appellant's App'x at 40.  The specific probation condition alleged to have violated required:

> The defendant must never be alone with or have contact with any person under the age of 18.  Contact includes face-to-face, telephonic, written, electronic, or any indirect contact via third parties.  You must report any incidental contact with persons under age 18 to your probation officer within 24 hours of the contact.

*Id.* at 28.  This probation condition was expressly stated in the trial court's sentencing judgment.  The trial court revoked probation, ordered the remaining sentence served, and imposed additional sanctions.  The Court of Appeals affirmed by memorandum decision.  Hunter v. State, 69C01-9912- CF-43 (Ind. Ct. App. June 21, 2007).  We granted transfer and now reverse.

The relevant evidence at the revocation hearing is essentially undisputed.  Shortly after his release from the Department of Corrections, the defendant met with his probation officer, who reviewed the terms and conditions of the defendant's probation.  Due to difficulty obtaining a residence, the defendant eventually moved into a recreational vehicle (RV) parked on property owned by his father.  The RV was adjacent to both the defendant's father's residence and a mobile home occupied by the defendant's half-sister, her husband, and her three children.  Upon learning of the defendant's living situation, the probation officer investigated by going to the property, asking questions of the defendant's parents and half-sister, in order to ascertain if the defendant was "in contact" with persons under the age of eighteen.  Tr. at 6-8.  The probation officer learned, through the defendant himself, that the defendant had been present on multiple occasions in the mobile home when the children arrived home from school.  Undisputed evidence at the revocation hearing indicated that after the defendant began to live in the RV, he worked construction for his father in the early mornings and began to work in the afternoons doing construction in his sister's trailer, remodeling her bathroom.  The defendant testified that his sister's children, ages 14 to 18,  normally didn't get home until 4:20 in the afternoon, and that it

---

[1] This sentence resulted from his conviction of Child Molesting as a class C felony.

was "always my intent to be out of the trailer by the time they got home from school." Tr. at 23. Admitting that there were times when the children came home before he left, the defendant explained that "[a]s soon as they came in, as fast as I could, I would pack up my tools and get out the door until the next day." *Id.* at 24. He emphasized that "I didn't sit down with them. I didn't have anything to do with them as far as wrestlin' around, playing with them, nothing at all." *Id.* at 23-24. The defendant knew he "wasn't supposed to have contact with them as far as like he, [the probation officer] said as far as talking to them, face to face . . . interaction type of stuff. And I did not have interaction type stuff with them." *Id.* at 25. There was no definitive evidence presented to establish that the defendant had any face-to-face contact with the children.

The defendant contends that the State did not present sufficient evidence to prove that he violated his probation. He argues that he understood the word "contact" as set forth in the terms of his probation to mean "interaction" and that the State failed to prove that there was any interaction between the children and the defendant.

The State argues that the evidence was sufficient to prove the probation violation because "he was in his sister's trailer with his sister's children and did not report this information to his probation officer." Appellee's Br. at 6. The State construes the term "contact" much more broadly, arguing that merely being in the presence of persons under the age of eighteen is sufficient evidence to find the defendant in violation. And, the State further points out, that even if the contact was incidental, the defendant failed to notify his probation officer, further violating a term of the defendant's probation.

The State urges that the evidence here is comparable to that in Smith v. State, 727 N.E.2d 763, 768 (Ind. Ct. App. 2000), *trans. not sought*, in which the evidence was sufficient to sustain a probation revocation. In Smith, the defendant was convicted of child molestation and attempted child molestation, receiving a ten-year sentence with three years suspended to probation. *Id*. at 765. A condition of Smith's probation was that he not be in contact with children under the age of sixteen until he completed a sex offender's program. *Id.* Smith was unsuccessful in completing the sex offender's treatment program. *Id.* Based on evidence of contact that Smith had with a five-year-old boy, the State filed a petition to revoke Smith's probation. *Id.* Smith had married

3

the mother of a five-year-old boy, began to reside with them, and was seen picking the child up from a Head Start program. *Id.* at 766. Further, the young boy referred to Smith as his "dad." Id. The Court of Appeals found that

> The evidence that [the child] was comfortable in identifying Smith as his father supports an inference that the contact between Smith and [the child] was substantial. Also, the observations of the Head Start employees were sufficient to show contact on more than one occasion. . . . The trial court did not abuse its discretion in revoking Smith's probation.

*Id.* In contrast to the present facts, however, the evidence in Smith demonstrated a quality and quantity of interactive contact substantially distinct from the occasions of simply momentary presence in the same residence with children where the defendant immediately left without interacting with them.

Whether the evidence was sufficient to establish that the defendant violated the terms of his probation or not hinges, in large part, on the definition of the word "contact." Conditions of probation delineate conduct that must be avoided by the probationer. Like statutes defining penal offenses, the language must be such that it describes with clarity and particularity the misconduct that will result in penal consequences. Smith v. State, 779 N.E.2d 111, 118 (Ind. Ct. App. 2002), *trans. denied* ("A probationer has a due process right to conditions of supervised release that are sufficiently clear to inform him of what conduct will result in his being returned to prison."); *see also* Brown v. State, 868 N.E.2d 464, 467 (Ind. 2007) (discussing prohibition against vagueness in criminal statutes); Foster v. State, 813 N.E.2d 1236, 1239 (Ind. Ct. App. 2004), *trans. not sought* (finding a probation condition void for vagueness where it was not sufficiently clear what conduct would return the defendant to prison.)

The defendant urges that "contact" means "establishing of communication with someone" or "to get into communication with." Wright v. State, 688 N.E.2d 224, 226 (Ind. Ct. App. 1997), quoting WEBSTER'S DICTIONARY 249 (10th Ed. 1993). "Communication occurs when a person makes something known or transmits information to another." *Id.* In addition to the element of communication, we also observe that the word "contact" is not commonly understood to occur by mere presence alone. WEBSTER'S NINTH NEW COLLEGE DICTIONARY (1987) contains three separate entries for the word "contact" that include thirteen definitions and sub-definitions, none

4

of which include or imply "in the presence of." As to those sub-definitions that may be germane to the issues in this case, the elements of either physical touching or communication are also included in the definition.[2]

The conditions of probation stated "Contact includes face-to-face, telephonic, written, electronic, or any indirect contact via third parties," Appellant's App'x at 28, but this definition is ambiguous. If literally read, "Contact includes face-to-face . . . contact via third parties," does not apply to the facts of this case. And even if we extract the fragment "Contact includes face-to-face," this isolated phrase does not reasonably communicate to a probationer that the plain meaning of "contact" is altered to include mere presence.

If the trial court intended a condition of probation to prohibit the defendant from the behavior shown by the evidence in this case, effective deterrence and fair advance notice necessitate that the choice of language must clearly describe the prohibited conduct. The probation condition in this case lacked sufficient clarity to provide the defendant with fair notice that the conduct at issue would constitute a violation of probation.

We likewise note that the defendant's failure to report his occasional momentary presences with his sister's children as "incidental contact" to his probation officer does not constitute a probation violation because of the vagueness of the word "contact" as applied to the defendant's challenged behavior.[3]

We therefore conclude that the evidence was insufficient to establish that the defendant's conduct constituted a violation of the asserted condition of probation. The judgment of the trial court revoking the defendant's probation, ordering the remaining sentence to be served, and

---

[2] For example, definition entries include "union or junction of surfaces;" "association, relationship;" "connection, communication;"an establishing of communication with someone or observing or receiving of a significant signal from a person or object;" and "to get into communication with." WEBSTER'S NINTH NEW COLLEGE DICTIONARY 282 (1987).

[3] The probation condition also included a requirement that the defendant "never be alone with . . . any person under the age of 18." Appellant's App'x at 28. The State makes no argument that the evidence was sufficient to establish a violation of this provision.

imposing further sanctions is reversed.  This cause is remanded to the trial court to reinstate the defendant's probation and for further proceedings consistent with this opinion.


Boehm and Rucker, JJ., concur.  Shepard, C.J., concurs in result.  Sullivan, J., dissents with separate opinion.

**Sullivan, Justice, dissenting.**

I respectfully dissent. The trial court revoked Hunter's probation for violating a probation condition that (1) prohibited him from having "contact with any person under the age of 18" and (2) required him to "report any incidental contact with persons under age 18 to [his] probation officer within 24 hours of the contact."

The Court holds that there was insufficient evidence of violating the prohibition on contact because Hunter "understood the word 'contact' . . . to mean 'interaction' and the State failed to prove that there was any interaction." Slip. op. at 3. It further holds that there was insufficient evidence of violating the requirement to report because of the "vagueness of the word 'contact' as applied to [Hunter's] behavior." Id. at 5.

But the conditions of probation defined the word "contact": "Contact includes face-to-face, telephonic, written, electronic, or any indirect contact via third parties." "Contact," as defined in the written terms of Hunter's probation conditions, does not require "interaction." And there is nothing vague about the term "face-to-face."

There is no dispute but that Hunter was present on multiple occasions in the mobile home when the children came home from school. This was sufficient evidence for the trial court to conclude that Hunter had face-to-face contact with children under the age of 18. He did not report the contact to his probation officer within 24 hours of the contact. This was sufficient to support the revocation of his probation.