**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 09 2013, 8:45 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**KIMBERLY A. JACKSON**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| MARTY L. ARMES, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 28A01-1207-CR-299 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE GREENE SUPERIOR COURT
The Honorable Dena A. Martin, Judge
Cause No. 28D01-1204-FB-9

**January 9, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

<u>Case Summary and Issues</u>

Marty Armes pleaded guilty to two counts of sexual misconduct with a minor as a Class B felony, and the trial court sentenced him to nineteen years with two years suspended to probation on each count, to be served consecutively. Armes raises the following restated issues for our review: 1) whether two of his probation conditions are ambiguous, overbroad, unconstitutionally vague, and unreasonable; and 2) whether the trial court's sentence is inappropriate in light of the nature of his offenses and his character. Concluding his probation conditions are not ambiguous, overbroad, unconstitutionally vague, or unreasonable, and the trial court's sentence is not inappropriate, we affirm.

<u>Facts and Procedural History</u>

Armes was charged with three counts of sexual misconduct with a minor as a Class B felony and four counts of sexual misconduct with a minor as a Class C felony. Pursuant to a plea agreement, the trial court entered judgment of conviction for two counts of sexual misconduct with a minor as a Class B felony. He admitted to engaging in sexual intercourse in 2007 and 2008 with his daughter, M.A., who was fourteen or fifteen years old, and to performing sexually deviate conduct in 2008 and 2009 with his daughter, N.A., who was fourteen years old at the time. The trial court found the following aggravating circumstances: Armes was the father of the victims, and as such, was in a position of care, custody, and control of the victims; Armes violated his position of trust numerous times over a period of years; and he has a history of juvenile and criminal activity. As mitigating circumstances, the trial court noted Armes pleaded guilty, he was a victim of abuse as a child, and he demonstrated remorse at the sentencing

hearing. The trial court sentenced Armes to nineteen years with two years suspended to probation for each offense, and ordered the sentences served consecutively.

Armes now appeals. Additional facts will be supplied as necessary.

Discussion and Decision

I. Probation Conditions

Trial courts are given broad discretion in determining the appropriate conditions of probation. McVey v. State, 863 N.E.2d 434, 447 (Ind. Ct. App. 2007), trans. denied. We will not set aside a trial court's probation terms unless it has abused its discretion. Collins v. State, 911 N.E.2d 700, 707 (Ind. Ct. App. 2009), trans. denied. "This discretion is limited only by the principle that the conditions imposed must be reasonably related to the treatment of the defendant and the protection of public safety." Stott v. State, 822 N.E.2d 176, 179-80 (Ind. Ct. App. 2005), trans. denied. Further, the language of probation conditions must describe with sufficient clarity the particular misconduct that will result in penal consequences; a lack of such clarity can result in a probationer's due process rights being violated. Hunter v. State, 883 N.E.2d 1161, 1163-64 (Ind. 2008). When a defendant contends a probation condition is unduly intrusive on a constitutional right, we balance the following factors: 1) the purpose to be served by probation; 2) the extent to which probationers should enjoy the constitutional rights enjoyed by law-abiding citizens; and 3) the needs of law enforcement. Stott, 822 N.E.2d at 180.

The particular provisions Armes challenges are:

16. You shall have no contact with your victim or victim's family unless approved in advance by your probation officer and treatment provider for

3

the benefit of the victim. Contact includes face-to-face, telephonic, written, electronic, or any indirect contact via third parties.

17. You shall have no contact with any person under the age of 16 unless you receive court approval or successfully complete a court-approved sex offender treatment program, pursuant to IC 35-38-2-2.4. Contact includes face-to-face, telephonic, written, electronic, or any indirect contact via third parties.

Appellant's Appendix at 28.

Beginning with Condition 17,[1] Armes argues that <u>Hunter</u> requires a finding that the condition is ambiguous and thus a violation of his due process rights. We disagree. In <u>Hunter</u>, Theron Hunter's probation included a condition that he "must never be alone with or have contact with any person under the age of 18. Contact includes face-to-face, telephonic, written, electronic, or any indirect contact via third parties. You must report any incidental contact with persons under age 18 to your probation officer . . . ." 883 N.E.2d at 1162. The trial court concluded Hunter violated this condition because he was "living in a residence located approximately 15 feet from a house trailer where three (3) minor children reside with their parents and that he has been in the house trailer at least once a week while the children were present." <u>Id.</u>

Hunter argued the evidence was insufficient to establish that he had "contact" with the children. In defining the word contact, our supreme court noted that "the word 'contact' is not commonly understood to occur by mere presence alone." <u>Id.</u> at 1164. However, the evidence demonstrated only that Hunter occasionally was in the presence of the minor children. There was no evidence of any form of communication or physical contact. Thus, our supreme court concluded, "[t]he probation condition in this case

---

[1] Except for the list of what "contact" includes, Condition 17 is an almost verbatim recitation of Indiana Code section 35-38-2-2.4.

4

lacked sufficient clarity to provide the defendant with fair notice that the conduct at issue would constitute a violation of probation." Id. Since its holding was predicated on the trial court's conclusion that Hunter's being in the presence of minor children equated to "contact" with children for the purposes of his probation condition, which did not happen here, the supreme court's conclusion is not directly applicable. However, it is instructive.

Armes argues Condition 17 is ambiguous, overbroad, unconstitutionally vague, and unreasonable because it "does not appear to exclude mere presence from its prohibitions as to contact." Brief of the Appellant at 8. Consequently, he argues, he is prohibited from being in a grocery store and seeing a child face-to-face, responding to the solicitation of a Girl Scout to buy cookies, or ordering fast food at a restaurant where the employee is under sixteen years of age. In light of Hunter, however, we must disagree with Armes that Condition 17 prohibits his merely being in the presence of or having incidental interaction with children. We agree with our supreme court that the language of the condition does not prohibit merely being in the presence of children, and we conclude the condition is not ambiguous, overbroad, unconstitutionally vague, or unreasonable. See also Smith v. State, 727 N.E.2d 763, 768 (Ind. Ct. App. 2000) (concluding the parameters spelled out in Indiana Code section 35-38-2-2.4 are not overbroad).

Armes also argues Condition 16 is ambiguous, overbroad, unconstitutionally vague, and unreasonable. He lodges the same argument that "contact" is vague, but in addition, he contends the condition is unconstitutional because it prohibits him from having contact with the family of his victims, which also happens to be his family since the victims were his daughters. Specifically, Armes contends the Due Process Clause of

5

the Fourteenth Amendment, which "applies to certain family activities and a right of sexual intimacy," and the First Amendment, which provides freedom of association, are both violated by Condition 16. Br. of the Appellant at 11.

While it may be permissible for probation conditions to intrude on a defendant's constitutional rights, we must weigh certain factors to determine if such intrusion is too great. Stott, 822 N.E.2d at 180. Potential purposes to be served by prohibiting a sex offender from having contact with the victims or their family include keeping the victims safe, sparing the victims and their family from unnecessary reminders of the harm done by the defendant, and aiding the defendant in rehabilitation by keeping him out of potentially troubling situations. The extent to which probationers convicted of a sexual offense should be able to contact their family members is great, so long as it is not the victims or other minor children, or possibly adult family members affected by the sexual abuse. To the extent Armes's family includes minor children or others affected by his criminal behavior, there is tremendous law enforcement need for Condition 16.

We conclude any infringement of Armes's constitutional rights are not overly intrusive because Condition 16 says Armes can have contact with family if it is approved in advance by his probation officer and treatment provider. Considering the fact-sensitive nature of family structures and the fact that N.A. and M.A. might be residing with one or more family members, it is entirely reasonable to construct his probation condition in this manner. It would be unreasonable to expect the trial court to hear evidence about every single member of Armes's extended family and recite in a probation condition which family members he may contact, at what times, and in what manner.

6

## II. Sentencing

"The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). "[W]hether we regard a sentence as appropriate . . . turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." Cardwell v. State, 895 N.E.2d 1219, 1224 (Ind. 2008).

Armes pleaded guilty to two counts of Class B felony sexual misconduct with a minor. The sentencing range for a Class B felony is six to twenty years, with an advisory sentence of ten years. Ind. Code § 35-50-2-5. Armes argues his near-maximum sentences were inappropriate. As to the nature of his offenses, Armes states "neither of the victims indicated she had suffered any harm which exceeded that normally associated with such offenses," "one of his daughters reported she no longer needed counseling," and there is "no evidence that either victim suffered any lasting physical harm." Br. of the Appellant at 16. Examining the record, some evidence indicates otherwise. Although N.A. told police she felt she did not need to see therapists anymore, the victims' aunt stated that N.A. "is holding in her feelings more than [M.A.] and tries to act like it doesn't bother her. 'But you can tell it does' . . . ." Appellant's App. at 115. She also stated M.A. "has never acted like a normal child since returning to Greene County . . . due to the molestation beginning prior to their return," and M.A. "has never had a childhood and is serious about everything. 'She's not carefree like other children.'" Id.

Further, as the trial court found, Armes abused his position of trust and authority, and he did so for at least a few years.

As to Armes's character, while it is true that Armes pleaded guilty, it is important to note that in return for him doing so, the State dropped five of his seven initial charges. While it may be true he saved the State time and resources, he also had something to gain by pleading guilty. Similarly, although he demonstrated remorse at sentencing, he also indicated that his sexual conduct with his daughters went on for a period of "a few years." Transcript at 49. In light of that fact, we do not find his remorse at sentencing particularly compelling. In addition to the factors found by the trial court, Armes contends he has a history of depression and anxiety, he has only a ninth grade education, he supported his three children largely on his own, and he has had steady employment.

As the trial court found, Armes has a lengthy juvenile and criminal history. Despite the fact that his criminal record does not include any prior sexual offenses, it indicates Armes's inability to abide by the rule of law, despite many chances at rehabilitation. To the extent Armes previously provided for his daughters and maintained steady employment, suffered from depression and anxiety, and obtained only a ninth grade education, this is overshadowed by the sexual abuse he inflicted upon his daughters in recent years. For these reasons, Armes has failed to demonstrate that his sentence is inappropriate in light of the nature of his offenses and his character.

## Conclusion

Armes's probation conditions are not ambiguous, overbroad, unconstitutionally vague, or unreasonable, and his sentence is not inappropriate. We therefore affirm.

Affirmed.

MAY, J., and PYLE, J., concur.