## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Plainfield, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Paul Scott Campbell, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff,* | July 20, 2015 <br><br> Court of Appeals Case No. 73A01-1502-CR-46 <br><br> Appeal from the Shelby Superior Court <br> The Honorable Jack A. Tandy, Judge <br> Cause No. 73D01-1108-FA-14 |

**Robb, Judge.**

# Case Summary and Issue

[1] Paul Campbell entered a plea of guilty to two counts of child molesting and was sentenced to sixteen years of imprisonment followed by eight years of

probation, subject to the standard conditions of probation as well as terms of probation specific to sex offenders. In this belated appeal,[1] Campbell contends the trial court erred in imposing certain sex offender conditions of probation. The State concedes, and we agree, that two of the challenged conditions of probation are impermissibly vague, and we remand to the trial court to clarify Campbell's sex offender conditions of probation.

## Facts and Procedural History

[2] In August 2011, the State charged Campbell with one count of Class A felony child molesting and one count of Class C felony child molesting. In February 2012, the State and Campbell entered into a plea agreement pursuant to which Campbell entered a plea of guilty to Class B felony child molesting as a lesser included offense of the Class A felony charge and also entered a plea of guilty to Class C felony child molesting. The plea agreement provided that Campbell would be sentenced to sixteen years for the Class B felony, all executed, and eight years for the Class C felony, to be served consecutively to the Class B felony sentence but all suspended to probation. The plea agreement contained several specific conditions of probation, as well as the additional term that "sex offender terms of probation shall apply." Appellant's Appendix at 27.

---

[1] Campbell was not informed at his sentencing hearing of his right to appeal his sentence. In February 2015, on Campbell's motion, the trial court granted him permission to file a belated notice of appeal.

In April 2012, Campbell was sentenced pursuant to the plea agreement to sixteen years executed and eight years suspended to probation. Campbell signed off on the standard and special conditions of probation and also on twenty-nine "recommended special probation conditions for adult sex offenders." *Id.* at 35-38. Included among those special sex offender probation conditions were the following:

> 11. . . . You shall not visit strip clubs, adult bookstores, motels specifically operated for sexual encounters, peep shows, bars where partially nude or exotic dancers perform, or *businesses that sell sexual devices or aids.*
>
> * * *
>
> 16. You shall notify your probation officer of your establishment of an intimate and/or sexual relationship. . . .
>
> * * *
>
> 19. You must never be alone with or have contact with any person under the age of 18. Contact includes face-to-face, telephonic, written, electronic or any indirect contact via third parties.

*Id.* at 35-37 (emphasis added). Campbell now appeals these three special sex offender conditions of probation, contending they are impermissibly vague or overbroad.

# Discussion and Decision

## I. Standard of Review

"Probation is a criminal sanction wherein a convicted defendant specifically agrees to accept conditions upon his behavior in lieu of imprisonment." *Carswell v. State*, 721 N.E.2d 1255, 1258 (Ind. Ct. App. 1999). A trial court has

broad discretion to determine appropriate conditions of a defendant's probation, although the conditions must be "reasonably related to the treatment of the defendant and the protection of public safety." *Bratcher v. State*, 999 N.E.2d 864, 873 (Ind. Ct. App. 2013) (quotation omitted), *trans. denied*. The conditions must also be sufficiently clear so that they "describe with clarity and particularity the misconduct that will result in penal consequences." *Id.* at 874-75 (quotation omitted).

## II. Sex Offender Conditions of Probation

### A. Condition 11

Sex Offender Probation Condition 11 prohibits Campbell from, in part, visiting a business that sells sexual devices or aids. In *Collins v. State*, 911 N.E.2d 700 (Ind. Ct. App. 2009), *trans. denied*, this court considered a challenge to a condition of probation that also included the prohibition against visiting "businesses that sell sexual devices or aids." *Id.* at 714. Noting that as written, the term was vague and broad enough to extend to drug stores, we remanded for the trial court to clarify this condition of the defendant's probation. *Id.*; *see also Bleeke v. State*, 982 N.E.2d 1040, 1051-52 (Ind. Ct. App. 2013), *summarily aff'd on this ground*, 6 N.E.3d 907 (Ind. 2014). Likewise, Campbell notes that a "sexual aid" could include, for instance, a condom, which is sold in businesses such as drug stores, groceries, and convenience stores. The State concedes that precedent from this court holds that Condition 11 of Campbell's probation is impermissibly vague and should be remanded to the trial court for clarification. *See* Brief of Appellee at 3.

## B. Condition 16

Sex Offender Probation Condition 16 requires Campbell to notify his probation officer of any intimate or sexual relationship into which he enters. In *Bleeke*, the defendant challenged a condition of probation prohibiting him from establishing an intimate or sexual relationship with any adult without prior approval from his parole officer. 982 N.E.2d at 1052. Noting the definitions of "intimate" as "marked by close acquaintance, association, or familiarity," or "a close friend or confidant," we held that the term "intimate" was impermissibly vague because it did not indicate how such a relationship would be measured or when a casual relationship would cross into an intimate relationship. *Id.* The supreme court summarily affirmed this decision, noting the condition was impermissible "[w]ithout further clarification or specificity as to what conduct would result in [defendant's] return to prison for violating [the condition] in accordance with the Court of Appeals decision below . . . ." 6 N.E.3d at 921-22. Again, the State concedes that precedent indicates Condition 16 is impermissibly vague and should be remanded to the trial court for clarification. *See* Brief of Appellee at 4.

## C. Condition 19

Finally, Sex Offender Probation Condition 19 prohibits Campbell from ever being alone with or having contact with any person under eighteen years old. Campbell contends this condition, too, is impermissibly vague and overbroad, citing *Hunter v. State*, 883 N.E.2d 1161 (Ind. 2008), and *McVey v. State*, 863 N.E.2d 434 (Ind. Ct. App. 2007), *trans. denied*. The State disagrees, citing

*Bratcher*, 999 N.E.2d 864; *Rexroat v. State*, 966 N.E.2d 165 (Ind. Ct. App. 2012), *trans. denied*; and *Smith v. State*, 727 N.E.2d 763 (Ind. Ct. App. 2000), as authority for upholding this condition.

[8]     In general, when this type of probation condition specifically includes "incidental contact," it has been held to be overbroad. *See McVey*, 863 N.E.2d at 449 (holding that although probation condition that defendant "never be alone with or have contact with any person under the age of 18," defining contact to include "face-to-face, telephonic, written, electronic, or any indirect contact via third parties," and requiring him to "report *any incidental contact* with persons under age 18 to your probation officer within 24 hours of the contact," reduced the potential for access to children, it was overbroad in prohibiting incidental contact) (emphasis added); *see also Hunter*, 883 N.E.2d at 1164 (holding defendant's probation should not have been revoked for violation of probation condition nearly identical to that in *McVey* because the prohibition against "contact" did not reasonably communicate to the defendant that it included "mere presence").

[9]     On the other hand, when the condition does not explicitly include incidental contact, we have held that it should be read so as not to prohibit incidental contact and is therefore not overbroad. *See Bratcher*, 999 N.E.2d at 875-76 (condition that defendant "have no contact with any person under the age of 16 unless you receive court approval or successfully complete a court-approved sex offender treatment program," and defining contact to include "face-to-face, telephonic, written, electronic, or any indirect contact via third parties," was

reasonably related to the treatment of the defendant and the protection of the public and because it contained no specific prohibition against incidental contact, was not vague or overbroad); *Rexroat*, 966 N.E.2d at 173 (citing the holding in *Smith* that the statute authorizing this condition of probation is not vague or overbroad because it is inherent in the statute that a probationer is not required to avoid inadvertent or unintentional contact with minors, 727 N.E.2d at 767-68 (construing Ind. Code § 35-38-2-2.4), and holding that a probation condition that defendant "have no contact with any person under the age of 18 unless approved by probation" was not overbroad because it is likewise inherent in this condition of probation that incidental contact with minors is not prohibited).

[10] Condition 19 of Campbell's probation does not include a specific prohibition against incidental contact, and thus is more like the condition addressed in *Bratcher* than that in *McVey*. However, the actual text of the condition could be read to prohibit such contact as it states Campbell "must never . . . have contact with" a minor. *See* App. at 37. We would hope that no trial court would find a violation over the kind of incidental contact that is inherent in everyday life even under the condition as written. However, because we are remanding to the trial court to clarify two other conditions, there is no harm in requiring the trial court to also clarify that incidental contact is not prohibited by this condition and will not subject Campbell to further court proceedings.

# Conclusion

We conclude that two of the challenged conditions of probation are impermissibly vague and that the third could also be clearer on its face. We therefore remand this case to the trial court to clarify the scope of Conditions 11, 16, and 19 so that Campbell is adequately apprised of the conduct that will result in penal consequences.

Remanded.


May, J., and Mathias, J., concur.