## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 27 2017, 9:46 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Leanna Weissmann
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Joshua Batchelor, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | January 27, 2017 <br><br> Court of Appeals Case No. 15A01-1606-CR-1245 <br><br> Appeal from the Dearborn Superior Court <br><br> The Honorable Jonathan Cleary, Judge <br><br> Trial Court Cause No. 15D01-1601-CM-27 |

**Altice, Judge.**

## Case Summary

[1] Joshua Batchelor appeals his conviction, following a jury trial, of class A misdemeanor invasion of privacy. His sole challenge is to the sufficiency of the evidence.

[2] We affirm.

## Facts & Procedural History

[3] Batchelor was arrested on a parole violation in August 2015 and taken to the Reception Diagnostic Center (RDC) to be processed for intake into the Department of Correction. He remained at RDC until his transfer to the Branchville Correctional Facility (Branchville) on September 10, 2015. The following day, Batchelor was transferred to the Franklin County Jail, where he remained until December 17, 2015. At that point, he was transferred back to Branchville.

[4] Shortly after arriving at RDC, Batchelor sent letters to Margie Gibson and her father. Gibson responded with a breakup letter. On September 8, 2015, Gibson obtained an ex parte order for protection (protective order), which prohibited Batchelor from, among other things, "directly or indirectly communicating with [Gibson]." *Exhibits* at 23. Batchelor was served with the protective order on September 9, 2015, while he was at RDC.

[5] On January 4, 2016, two letters arrived in the mail for Gibson at her parents' home, where she had previously lived. The letters were both postmarked December 31, 2015, and the return address indicated the letters were sent by

Batchelor from Branchville. The handwritten letters, however, bore the dates September 7 and 8, 2015. Batchelor drew a smiley face over the date on the September 8 letter.

[6] At his jury trial for invasion of privacy, Batchelor testified that he wrote the letters at RDC prior to being served with the protective order. He claimed he did not mail the letters until he arrived at Branchville on September 10, 2015, because he needed envelopes. According to Batchelor, he received two envelopes at intake at Branchville, addressed them, and gave them to an officer in his dorm that night for mailing. The letters, however, were not mailed until December 31, 2015.

[7] Despite Batchelor's testimony, the jury found him guilty of invading Gibson's privacy by violating the protective order. On May 4, 2016, the trial court sentenced Batchelor to an executed term of sixty days. Batchelor now appeals, challenging only the sufficiency of the evidence.

## Discussion & Decision

[8] On review for sufficiency of the evidence, we consider only the probative evidence and reasonable inferences supporting the conviction. *Drane v. State,* 867 N.E.2d 144, 146 (Ind. 2007). We do not assess the credibility of witnesses or reweigh evidence, and we will affirm unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* It is not necessary that the evidence overcome every reasonable hypothesis of

innocence; rather, the evidence will be found sufficient if an inference may reasonably be drawn from it to support the conviction. *Id.* at 147.

[9] Batchelor argues that the State presented insufficient evidence to support his conviction. He acknowledges that he was served at RDC with the protective order on September 9 and claims that he mailed the letters the next day at Branchville. Despite the fact that the letters were indisputably mailed after he received notice of the protective order, Batchelor asserts that the State had to show that he knew of the order *when he wrote the letters*. Batchelor provides no authority for his flawed proposition.

[10] Ind. Code § 35-46-1-15.1 codifies the offense of invasion of privacy. As elements of the offense, the State must show that the defendant knowingly or intentionally violated some form of protective order. *Chavers v. State*, 991 N.E.2d 148, 151 (Ind. Ct. App. 2013), *trans. denied*. In this case, Batchelor was alleged to have violated the protective order by directly or indirectly communicating with Gibson. "Communication occurs when a person makes something known or transmits information to another." *Kelly v. State*, 13 N.E.3d 902, 905 (Ind. Ct. App. 2014) (quoting *Wright v. State*, 688 N.E.2d 224, 226 (Ind. Ct. App. 1997)).

[11] Batchelor's act of writing the letters did not violate the protective order because without mailing them there was no communication with Gibson. The illegal communication occurred as a result of his mailing the letters to Gibson. For our purposes, it is immaterial whether the letters were mailed on September 10

or December 31, as both dates were after Batchelor had notice of the protective order. Accordingly, the State presented sufficient evidence that Batchelor knowingly violated the protective order by communicating with Gibson after having received notice of the protective order.

[12] Judgment affirmed.

[13] Riley, J. and Crone, J., concur.