


FILED

May 15 2024, 9:23 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE
# Court of Appeals of Indiana

Thomas S. Gray,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*

---

May 15, 2024

Court of Appeals Case No.
23A-CR-1871

Appeal from the Allen Superior Court

The Honorable Samuel Keirns, Magistrate

Trial Court Cause No.
02D06-2012-F5-000438

---

**Opinion by Judge May**
Judges Vaidik and Kenworthy concur.

**May, Judge.**

[1] Thomas S. Gray appeals following the revocation of his probation. He raises one issue for our review, which we revise and restate as whether a probation condition that required Gray to participate in a sexual perpetrator treatment program was unconstitutionally vague. We affirm.

## Facts and Procedural History

[2] On August 26, 2019, Indiana State Police ("ISP") Detective Charles Meyer logged into a peer-to-peer file sharing network and began looking for individuals using the network to share child pornography. Detective Meyer contacted a device utilizing a specific IP address and downloaded a media file directly from that address. The file showed an adult male molesting a female who appeared to be between seven and nine years old. The ISP subpoenaed the internet service provider for the account associated with the IP address and the internet service provider informed the ISP that the account belonged to Gray. The ISP later executed a search warrant on Gray's home and seized a desktop computer. The ISP's forensic examination of the device concluded "[b]ased on the file names and locations of the completed and incomplete downloaded files it is possible that nearly 1200 images and videos of child exploitation material had been attempted to be viewed on this computer between 10/2019 and 02/2020." (App. Vol. 2 at 19.)

[3] On October 14, 2020, the State charged Gray with Level 5 felony child exploitation[1] and Level 6 felony possession of child pornography.[2] On September 16, 2022, Gray entered into a plea agreement with the State in which he agreed to plead guilty to Level 5 felony child exploitation and the State agreed to dismiss the charge of Level 6 felony possession of child pornography. The plea agreement also called for the trial court to impose a four-year sentence but to order the sentence suspended to probation. Gray formally changed his plea to guilty, and the trial court took Gray's change of plea and its acceptance of the plea agreement under advisement.

[4] On October 7, 2022, the trial court formally accepted the plea agreement and sentenced Gray according to its terms. Gray agreed to abide by the standard conditions of probation and several additional conditions of probation. Additional Condition of Probation #2 stated:

> You shall attend, actively participate in, and successfully complete a certified sexual perpetrator treatment program that utilizes polygraph testing in order to ensure compliance with the Addendum Order of Probation. Responsibility for payment of fees required for treatment, including polygraph testing, will be yours. Unsuccessful termination from treatment or noncompliance with treatment conditions will be considered a violation of your probation. You will not be allowed to change

---

[1] Ind. Code § 35-42-4-4(b) (2019).

[2] Ind. Code § 35-42-4-4(d) (2019).

treatment providers unless the Court grants you written permission.

(*Id*. at 70.)

[5] On November 14, 2022, Gray filed a motion to vacate judgment and withdraw his guilty plea. He alleged that the State promised it would recommend that Gray be allowed to continue residing with and homeschooling his minor son. The trial court held a hearing on Gray's motion and issued an order denying the motion on November 15, 2022. The trial court's order explained:

> A written plea agreement signed by the defendant and read in Court to the Defendant by Magistrate Keirns, in paragraph 8 explicitly states that "The Defendant's contact with any child under the age of sixteen (16) is left to the Court's discretion."
>
> At the guilty plea hearing on September 16, 2022, when asked if there were any promises, besides the plea agreement the Defendant said "No". [sic]
>
> The Defendant's Motion is denied.

(*Id*. at 86.)[3]

[6] Headwaters Counseling administered the sexual perpetrator treatment program for sex offenders in Allen County. Headwaters Counseling assigned a

---

[3] Gray did not file a motion to correct error or appeal the trial court's order denying his motion to withdraw his guilty plea.

counselor to work with Gray and conduct an assessment, but Gray could not begin treatment because he refused to admit any sexual wrongdoing. On December 28, 2022, Gray took a polygraph examination. During the examination, Gray denied sharing or possessing child exploitation material, but the individual administering the polygraph examination determined Gray's denials were deceptive.

[7]     Gray took a second polygraph examination on February 27, 2023. Gray again denied sharing or possessing child pornography, but the individual administering the polygraph examination found for a second time that Gray's denials were deceptive. On April 6, 2023, Gray took a third polygraph examination. A different individual administered the third exam to minimize the risk of examiner bias. During the exam, Gray denied possessing, sharing, or intentionally deleting child pornography, but the examiner determined Gray's denials were deceptive. On April 19, 2023, Headwaters Counseling expelled Gray from its treatment program because of his failure to admit his offense even though he pled guilty.

[8]     On April 25, 2023, the Allen County Probation Department filed a verified petition to revoke Gray's probation. The petition alleged Gray "[d]id not attend/complete Sexual Perpetrator Treatment as directed." (*Id*. at 91.) The trial court then held an evidentiary hearing on the petition to revoke on July 14, 2023. Ronald Furniss, a therapist at Headwaters Counseling, explained that program participants must acknowledge their offending sexual behavior during the assessment portion of the program so that the program administrators "can

make an appropriate referral to the type of services that may be appropriate for them." (Tr. Vol. 1 at 65.) Furniss stated that people who refuse to take responsibility for the offenses that led to their participation in the program cannot complete the program. He explained:

> Because our groups are, uh, particularly Phase II and Phase III portion of the groups, are based upon people coming in and having admitted responsibility for their sexual offense that we don't want to compromise, uh, the integrity of the group itself by bringing someone to that group who has not yet admitted responsibility for their sexual offending behavior. It can compromise the work that other members of the group may need to do and it- and it doesn't send a good message to, uh, not only providers but people, uh, people who come into a program with an understanding that- that you can come this program without having to admit responsibility for a sexual offense.

(*Id*. at 66) (errors in original). At the conclusion of the hearing, the trial court found Gray violated the terms of his probation and ordered Gray to serve the remainder of his sentence in the Indiana Department of Correction.

## Discussion and Decision

[9]    Gray appeals following the revocation of his probation, and he asserts that Additional Condition of Probation #2 was unconstitutionally vague.[4] "A

---

[4] The State contends Gray "has waived any challenge to his probation conditions because he did not object to them at sentencing and because he signed the special probation condition form and Addendum Order of Probation[.]" (Appellee's Br. at 12.) However, while the State cites both *Hale v. State*, 888 N.E.2d 314 (Ind. Ct. App. 2008), *trans. denied*, and *Stott v. State*, 822 N.E.2d 176 (Ind. Ct. App. 2005), *trans. denied*, in support of its argument, those cases are not applicable. Both *Hale* and *Stott* concerned a defendant who did not argue

defendant is not entitled to serve a sentence in either probation or a community corrections program. Rather, placement in either is a matter of grace and a conditional liberty that is a favor, not a right." *Holmes v. State*, 923 N.E.2d 479, 482 (Ind. Ct. App. 2010) (internal quotation marks and citation omitted). We afford trial courts wide discretion in fashioning probation conditions, and we generally review a trial court's imposition of such conditions for an abuse of discretion. *Weida v. State*, 94 N.E.3d 682, 687 (Ind. 2018). Nonetheless, "to the extent a defendant challenges a probation condition on constitutional grounds (either a vagueness or as-applied challenge), our review is de novo." *Id.*

[10] "Probation conditions must be reasonably related to the rehabilitation of the defendant and the protection of public safety." *Phipps v. State*, 177 N.E.3d 123, 125 (Ind. Ct. App. 2021). "A probationer has a due process right to conditions of supervised release that are sufficiently clear to inform him of what conduct will result in his being returned to prison." *Smith v. State*, 779 N.E.2d 111, 118 (Ind. Ct. App. 2002), *trans. denied*. "We will find a probation condition unconstitutionally vague 'only if individuals of ordinary intelligence would not comprehend it to adequately inform them of the conduct to be proscribed.'"

that a condition of probation was unconstitutionally vague before the trial court, but instead, raised the issue for the first time before this Court on direct appeal. *Hale*, 888 N.E.2d at 319 & *Stott*, 822 N.E.2d at 179. Here, Gray challenged the vagueness of Additional Condition of Probation #2 before the trial court in response to the State's petition to revoke his probation, and we have routinely allowed probationers to raise vagueness challenges in response to petitions to revoke probation. *See, e.g.*, *Hunter v. State*, 883 N.E.2d 1161, 1162 (Ind. 2008) (vagueness challenge to condition of probation which forbade probationer from having "contact" with children) & *Foster v. State*, 813 N.E.2d 1236, 1237 (Ind. Ct. App. 2004) (vagueness challenge to condition prohibiting possession of sexually explicit material when State alleged probationer violated condition by possessing men's magazines). We accordingly address the merits of Gray's argument.

*Weida*, 94 N.E.3d at 688 (quoting *Patton v. State*, 990 N.E.2d 511, 516 (Ind. Ct. App. 2013)).

[11]     Gray contends Additional Condition of Probation #2 "does not express, either explicitly or implicitly, that the probationer must admit to the underlying offense." (Appellant's Br. at 12.)  However, Gray pled guilty to the crime of child exploitation, and he was required to admit the truth of the factual allegations against him before the trial court could accept his plea.[5]  A defendant who pleads guilty in Indiana "admits the incriminating facts alleged." *Harshman v. State*, 115 N.E.2d 501, 502 (Ind. 1953).  "A defendant's plea of guilty is thus not merely a procedural event that forecloses the necessity of trial and triggers the imposition of sentence.  It also, and more importantly, conclusively establishes the fact of guilt, a prerequisite in Indiana for the imposition of criminal punishment." *Norris v. State*, 896 N.E.2d 1149, 1152 (Ind. 2008).   Even though Gray later tried to withdraw his guilty plea because it prohibited him from living with and homeschooling his son, the trial court denied that motion, and Gray's guilt remained conclusively established.  *See, e.g.*, *Asher v. State*, 128 N.E.3d 526, 531 (Ind. Ct. App. 2019) (holding trial court did not abuse its discretion in denying defendant's motion to withdraw guilty plea and affirming defendant's conviction).  Moreover, in Gray's attempt to withdraw his guilty plea, he did not allege that there was an inadequate factual

---

[5] The portion of the transcript from Gray's change of plea hearing in which the parties established a factual basis to support Gray's guilty plea is not in the record before us.

basis to support his guilty plea. Rather, he argued the State failed to live up to a promise that was not memorialized in the plea agreement.

[12]     A trial court may order counseling as a condition of probation to further an offender's rehabilitation. *See*, *e.g.*, *Coleman v. State*, 162 N.E.3d 1184, 1191 (Ind. Ct. App. 2021) (holding trial court did not abuse its discretion when it required defendant to participate in anger management or conflict resolution classes as a condition of the defendant's probation), *trans. denied*. Here, Additional Condition of Probation #2 explicitly stated: "You shall attend, actively participate in, and successfully complete a certified sexual perpetrator treatment program that utilizes polygraph testing in order to ensure compliance with the Addendum Order of Probation." (App. Vol. 2 at 70.) Ronald Furniss explained that participants cannot actively participate in the treatment program without admitting the offending behavior that led the participant to the program in the first place. For Gray, that entailed taking responsibility for the facts underlying his crime—an offense that he already admitted in court he committed. When Gray chose not to admit his illegal behavior so that he could actively participate in the program, the trial court revoked his probation. Additional Condition of Probation #2 adequately informed Gray that his failure to comply with the conditions of the sexual perpetrator treatment program would result in a probation violation, and therefore, it was not unconstitutionally vague. *See*, *e.g.*, *Weida*, 94 N.E.3d at 690 (holding probation condition that restricted sex offender's internet activity was not unconstitutionally vague when a person of ordinary intelligence would

understand the condition to prohibit the offender from visiting websites where he could contact or communicate with children).

## Conclusion

[13] Gray admitted that he committed Level 5 felony child exploitation when he pled guilty. A person of ordinary intelligence would understand that active participation in a treatment program intended to treat criminal behavior would require the person to take responsibility for committing that crime. Therefore, Additional Condition of Probation # 2 was not unconstitutionally vague. We affirm the trial court.

[14] Affirmed.

Vaidik, J., and Kenworthy, J., concur.

ATTORNEY FOR APPELLANT

Tyree Q. Barfield
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Indiana Attorney General
Indianapolis, Indiana

Jennifer Anwarzai
Deputy Attorney General
Indianapolis, Indiana