Cordell JACKSON, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0403–CR–215.

Court of Appeals of Indiana.

Oct. 20, 2004.

Steve J. Halbert, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Jodi Kathryn Stein, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

RILEY, Judge.

*STATEMENT OF CASE*

Appellant–Defendant, Cordell Jackson (Jackson), appeals his conviction for rape, a Class A felony, Ind.Code § 35–42–4–1.

We affirm.

*ISSUES*

Jackson raises two issues on appeal, which we restate as follows:

(1) Whether the conditions of his probation were specified in the plea agreement.

(2) Whether his probation conditions are reasonably related to the treatment of the defendant and the protection of public safety.

*FACTS AND PROCEDURAL HISTORY*

On July 25, 2003, the State filed an information, charging Jackson with Count I, rape, a Class A felony, I.C. § 35–42–4–1; Count II, burglary, a Class B felony, I.C. § 35–43–2–1; Count III, battery, a Class C felony, I.C. § 35–42–2–1; and Count IV, criminal confinement, a Class D felony, I.C. § 35–42–3–3. On January 27, 2004, in accordance with the plea agreement, Jackson agreed to plead guilty to Count I, rape, a Class A felony, in exchange for the dismissal of Counts II, III, and IV. Pursuant to the plea agreement, there was a cap of forty years on the entire sentence, with thirty years to be executed and ten years of probation left open to the discretion of the trial court.

On February 20, 2004, a hearing on the guilty plea was held. During the guilty plea phase of the trial, the trial court asked Jackson if he had read over the plea agreement with his attorney and understood its terms before signing, to which he responded "[Y]es." (Transcript pp. 4–5). The trial court accepted the plea agreement and found Jackson guilty of Count I, rape, a Class A felony.

On the same day, the trial court held a sentencing hearing. Following the sentencing hearing, the trial court ordered Jackson· to serve thirty years at the Department of Correction followed by three years of probation. After sentencing Jackson, the trial court read into the record all of the conditions of Jackson's probation. Jackson then refused to sign a written statement of his probation conditions.

Jackson now appeals. Additional facts will be provided as necessary.

*DISCUSSION AND DECISION*

I. *Disclosure of Probation Conditions.*

Jackson first contends that the trial court improperly imposed conditions of probation not specified in the plea agreement. Specifically, he argues that the standard sexual offender probation conditions, imposed by the trial court at sentencing, were not contained within the plea agreement. We disagree.

At the outset, we note that sentencing decisions are within the trial court's discretion, and will be reversed only upon a showing of abuse of discretion. *Gray v. State*, 790 N.E.2d 174, 176 (Ind.Ct. App.2003). Further, it is well established that a plea agreement is contractual in nature and binds the defendant, the State,

and the trial court. *Page v. State*, 706 N.E.2d 230, 231 (Ind.Ct.App.1999), *trans. denied.* The trial court is given the discretion to accept or reject a plea agreement, and if it accepts the agreement, it is strictly bound thereby. *See* I.C. § 35–35–1–2 (stating that if the court accepts the plea it is bound by the terms of the plea agreement); *Page*, 706 N.E.2d at 231.

In the instant case, Jackson argues that several of his probation conditions were not disclosed until the sentencing phase of the trial. Therefore, Jackson contends that he should not be bound by these restrictions. In support of this contention, Jackson relies on *Disney v. State*, 441 N.E.2d 489, 493 (Ind.Ct.App.1982), where we held that it was error for the trial court to include restitution or reparation as a condition of probation when there was no mention of such in the plea recommendation.

However, we can distinguish *Disney* from the present case. Here, unlike *Disney*, it was explicitly included in the plea agreement that if Jackson were sentenced to probation he would be subject to the "standard sexual offender probation conditions." Specifically, the plea agreement stated the, "[t]erms of probation to include standard terms of sexual offender probation, and to include successful completion of sexual offender treatment under the direction of the probation department ..." (Appellant's App. p. 42). Moreover, Jackson testified that he understood all the terms of his plea agreement:

> THE COURT: And on the last page of the [plea agreement] above the line where it is typed [Jackson], is that your signature?
>
> [JACKSON]: Yes.

THE COURT: Did you put your signature there after you read the plea agreement?

[JACKSON]: Yes.

THE COURT: Did you read the whole thing before you signed it?

[JACKSON]: Yes.

THE COURT: Did you go over it with your lawyer before you signed it?

[JACKSON]: Yes.

THE COURT: And did she answer all of your questions?

[JACKSON]: Yes.

THE COURT: Can you read and write well enough to have understood what it says?

[JACKSON]: Yes.

(Tr. pp. 4–5).

Later on during the plea testimony, Jackson further testified that he understood that if he were to receive probation, it would include the standard terms of sex offender probation.

> THE COURT: Probation, if you get any, will include standard terms of sex offender probation ... do you understand that?
>
> [JACKSON]: Yes.

(Tr. p. 8).

Upon review of the record, it is clear that the conditions of probation were specified in the plea agreement, which the trial court strictly adhered to. *Page*, 706 N.E.2d at 231. Therefore, we find that the trial court did not improperly impose undisclosed probation conditions.

## II. *Reasonableness of Probation Conditions.*

■ Next, Jackson argues that the trial court erred in imposing conditions of probation [1] that are unrelated to rehabilitation

---

1. These are the probation conditions that Jackson challenges:

(1) No Contact with any person under the age of eighteen unless approved by pro-

and public safety. Specifically, Jackson contends that the prohibition against contact with anyone under the age of eighteen, and the prohibitions restraining his personal life and relationships are unrelated to his treatment and to public safety.

█ It is well established that a trial court enjoys broad discretion when determining the appropriate conditions of probation. *Smith v. State*, 779 N.E.2d 111, 117 (Ind.Ct.App.2002), *trans. denied.* This discretion is limited only by the principle that the conditions imposed must be reasonably related to the treatment of the defendant and the protection of public safety. *Id.* Therefore, because sentencing decisions are within the discretion of the trial court, we will only reverse upon a showing of abuse of discretion. *Gray*, 790 N.E.2d at 176.

Jackson first argues that his condition of probation not to have any contact with anyone under the age of eighteen conflicts with other statutory probation conditions and does not bear any reasonable relationship to rehabilitation and public safety. In particular, Jackson contends that the eighteen and under age restriction is in direct conflict with I.C. § 35–38–2–2.4, which states:

As a condition of probation, the court may require an offender to:

. . .

(2) avoid contact with any person who is less than sixteen (16) years of age

. . .

However, we observe that the age requirement listed under I.C. § 35–38–2–2.4 is not a mandatory age limit to be imposed on all sex offenders. Rather, the statute states that the court "may" require sex offenders to avoid contact with anyone under the age of sixteen. I.C. § 35–38–2–2.4. If the trial court imposes a more severe age restriction, as in the present case, it has the discretion to do so if the court felt such a condition would protect the community and rehabilitate Jackson. *Smith*, 779 N.E.2d at 117. In light of the fact that Jackson raped a nineteen-year-old girl in the presence of her two-year-old son, we agree with the trial court and conclude that no contact with anyone under eighteen is a reasonable probation condition related to the goal of protecting the community while rehabilitating Jackson.

Next, Jackson argues that several of his probation conditions will create a substantial burden upon his personal life and relationships without any benefit to the community. Specifically, he contends that the following probation conditions will require "constant or daily reports to his probation officer:"

(1) You are required to inform all persons living at your place of residence about all of your sex related conditions.

(2) You must notify probation of any dating, intimate, or sexual relationships, and must tell other persons about the rape conviction.

(3) No dating relationship with anyone who has minor children unless approved by probation.

(Appellant's Br. p. 7).

Although these probation conditions may require Jackson to report daily to his

---

bation. Contact includes face to face, telephonic, written, electronic, or indirect contact by a third party.

(2) You are required to inform all persons living at your place of residence about all of your sex related conditions.

(3) You must notify probation of any dating intimate or sexual relationship and must

tell other persons about the rape conviction.

(4) No dating relationship with anyone who has minor children unless approved by probation.

(Tr. pp. 52–9)

probation officer, we conclude that they are necessary to help protect the community and rehabilitate Jackson during the three years of his probation. Because of Jackson's status as a convicted sexual offender, these requirements are reasonably related to the goal of protecting others who may live with Jackson, and the goal of protecting women of similar age to the victim. Therefore, we find that Jackson's relatively miniscule burden of reporting daily to his probation officer is outweighed by the need for rehabilitation and public safety.

## CONCLUSION

Based on the foregoing, we find that the sexual offender probation conditions were specified in the plea agreement, and therefore, the trial court did not abuse its discretion. Additionally, we find that the challenged probation conditions are reasonably related to the goals of rehabilitation and public safety and accordingly, the trial court did not abuse its discretion.

Affirmed.

CRONE, J., and VAIDIK, J., concur.