FILED

Apr 12 2018, 11:44 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



I N  T H E

# Indiana Supreme Court

Supreme Court Case No. 79S02-1711-CR-00687

## Kristopher L. Weida

*Appellant (Defendant below)*

–v–

## State of Indiana

*Appellee (Plaintiff below)*

---

Argued: December 7, 2017 | Decided: April 12, 2018

Appeal from the Tippecanoe Superior Court, No. 79D01-1602-F5-13
The Honorable Randy J. Williams, Judge

On Petition to Transfer from the Indiana Court of Appeals,
No. 79A02-1608-CR-01760

---

**Opinion by Justice Goff**

Chief Justice Rush, Justice David, Justice Massa, and Justice Slaughter concur.

**Goff, Justice.**

Indiana's Special Probation Conditions for Adult Sex Offenders impose significant restrictions on probationers' conduct, including their internet access and use.[1] As we increasingly live our lives in cyberspace, probation conditions limiting internet use must meet the same criteria as conditions that restrict other conduct. First, they must adequately inform probationers of what conduct will return them to jail; second, they must reasonably relate to the purposes of probation—rehabilitating the probationer and protecting the public. Here, Kristopher Weida challenges the propriety of two special sex offender probation conditions, arguing that they are both unreasonable and unconstitutional. Because we agree that one probation condition proves unreasonable as applied to Weida, we affirm in part, reverse in part, and remand to the trial court.

# Factual and Procedural History

On March 28, 2015, thirty-four-year-old Kristopher Weida had sexual intercourse with his sixteen-year-old niece, K.M. Although Weida and K.M. offered police differing versions of the encounter, they agreed on some details.[2] Both told police that before having sex they looked at pictures of K.M. on her cell phone, they viewed other explicit photos on Weida's phone, and K.M. showed Weida a website she found about incest. Weida also admitted using his phone to google explicit pictures and showing them to K.M. The State accordingly charged Weida with Level 5

---

[1] In deciding this matter, we noticed the growing trend to lowercase "internet" and write "website" and "online" as single words. *The Chicago Manual of Style* §§ 7.80, 7.83, 7.89 (17th ed. 2017); *see also* Philip B. Corbett, *It's Official: The 'Internet' Is Over*, N.Y. TIMES (June 1, 2016) https://www.nytimes.com/2016/06/02/insider/now-it-is-official-the-internet-is-over.html. *Cf.* Bryan A. Garner, *Garner's Modern English Usage* 523, 654, 956 (4th ed. 2016). We've opted to follow this prevailing trend, deviating from it only when quoting the record and Mr. Weida's briefing (which also quoted the record).

[2] Weida and K.M. voluntarily spoke to police and their statements were admitted without objection at the sentencing hearing. *See* Confidential Documentary Exhibits, State's Exhibit 1.

felony incest (Ind. Code § 35-46-1-3) and he pleaded guilty without an agreement on sentencing terms.

Following a sentencing hearing in which Weida and the State each presented evidence and argument, the trial court sentenced Weida to three years—one year executed in the Department of Correction and two years suspended to probation. The court imposed probation conditions, including Indiana's Special Probation Conditions for Adult Sex Offenders. Some conditions limited Weida's internet use.

Specifically, Condition 8 provided:

> You are prohibited from accessing or using certain web sites, chat rooms, or instant messaging programs frequented by children. You are prohibited from deleting, erasing, or tampering with information on your personal computer with intent to conceal an activity prohibited by this condition. **\*Required as a condition of probation by IC 35-38-2-2.2(4).**

Appellant's App. Vol. II, p. 48 (emphasis in original). Condition 9 elaborated upon Condition 8, instructing Weida that he could not use a social networking website, instant messaging program, or chat room to communicate with children. *Id.*

Condition 26 imposed a broader internet prohibition. It read:

> You shall not access the Internet or any other on-line service through use of a computer, cell phone, iPod, Xbox, Blackberry, personal digital assistant (PDA), pagers, Palm Pilots, televisions, or any other electronic device at any location (including your place of employment) without prior approval of your probation officer. This includes any Internet service provider, bulletin board system, e-mail system or any other public or private computer network. You shall not possess or use any data encryption technique or program.

*Id.* at 50. The court discussed these provisions during sentencing. Referencing Conditions 8 and 9, the court said, "[T]o the extent that you need to speak with, or contact your own children, you are able to use a networking site or the instant messaging for your children. I'm not going to take that away from you." Tr. at 51, ¶¶ 8-12. Regarding Condition 26's internet access ban, the court reiterated, "[A]gain, you can have access for the purpose of contact with your children at any time." *Id.* at ¶¶ 16-17.

Weida appealed, raising three arguments. He first argued his three-year sentence proved inappropriate considering his character and the nature of the offense. He then challenged Conditions 8 and 26 as unreasonable and unconstitutional as applied to him because they created sweeping prohibitions on internet usage. Finally, Weida challenged Condition 8's prohibition on "certain web sites . . . frequented by children" as unconstitutionally vague. A divided Court of Appeals affirmed, rejecting all three arguments. *Weida v. State,* 83 N.E.3d 704 (Ind. Ct. App. 2017).

Weida petitioned for transfer, which we granted, thereby vacating the Court of Appeals opinion.[3] *See* Ind. Appellate Rule 58(A).

## Standard of Review

Trial courts enjoy broad discretion in fashioning defendants' probation conditions. *Hevner v. State*, 919 N.E.2d 109, 113 (Ind. 2010). We will not disturb a court's probation order absent an abuse of that discretion. *Bailey v. State*, 717 N.E.2d 1, 4 (Ind. 1999).

A court abuses its discretion when the probation conditions imposed are not reasonably related to rehabilitating the defendant and protecting the public. *Bratcher v. State*, 999 N.E.2d 864, 873 (Ind. Ct. App. 2013) (citation omitted). Our review, therefore, centers around whether imposed

---

[3] We summarily affirm the Court of Appeals decision rejecting Weida's 7(B) claim that his sentence was inappropriate considering the nature of the offense and his character. *See* Ind. Appellate Rule 58(A)(2).

probation conditions "reasonably relate to attaining these goals." *Id.* (citation omitted)*.*

However, to the extent a defendant challenges a probation condition on constitutional grounds (either a vagueness or as-applied challenge), our review is de novo. *Cf. Smith v. State*, 8 N.E.3d 668, 676 (Ind. 2014).

# Discussion and Decision

We live in the internet age. The internet, cyberspace, the World Wide Web, whatever moniker you choose, pervades our daily lives. For many, we even carry the internet around in our pockets or purses. Our cell phones provide the gateway into cyberspace's vast domains. Hoosiers accomplish life's most meaningful and mundane everyday tasks with cyberspace at our fingertips. We apply for jobs, we file tax returns, we pay bills, we attend college, we read the news, we navigate, we communicate, we shop—all online. To be sure, most Hoosiers don't think twice about googling the answer to a vexing question, or checking the weather online, or updating their status on social media. And that's all right—for most Hoosiers. But probationers are not most Hoosiers.

When criminal defendants receive probation, they "agree[] to accept conditions upon [their] behavior in lieu of imprisonment." *Bratcher*, 999 N.E.2d at 873 (citation omitted). When defendants are sex offenders, those probation conditions often include internet restrictions like those imposed here. Although probationers "do not enjoy the same constitutional protections as law-abiding citizens," they may not be subjected to vague probation terms that require them to acquiesce to unduly intrusive constitutional violations. *Id.* Weida calls on us to decide when probation conditions limiting internet access become unreasonable or unduly intrusive upon a probationer's constitutional right to free speech.

Defendant Weida levels a multilayered attack against two standard probation conditions he received. He initially argues that Condition 8's language prohibiting him from "accessing or using certain web sites . . . frequented by children" is unconstitutionally vague because it fails to inform him what specific websites are forbidden. Next Weida contends

that Condition 8 and Condition 26 "create a sweeping Internet ban"—one that is both unreasonable and unconstitutional. Specifically, he posits the conditions fail to reasonably relate to his rehabilitation or public safety. He then claims the conditions' de facto internet ban unduly intrudes on his First Amendment right to free speech and is therefore unconstitutional.

Addressing each argument in turn, we affirm in part, reverse in part and remand to the trial court for further proceedings consistent with this opinion.

## I.     Probation Condition 8 is not unconstitutionally vague.

Probation conditions place restrictions on probationers' conduct and carry significant consequences. *Hunter v. State*, 883 N.E.2d 1161, 1163 (Ind. 2008). If a probationer violates even one condition, he risks probation revocation and return to jail. Given these high stakes, probation conditions cannot be vague. They "must . . . describe[] with clarity and particularity the misconduct that will result in penal consequences" for probationers. *Id.*

When faced with a vagueness challenge to a probation condition, i.e., the condition lacks the requisite clarity and particularity, we employ the same standard we apply when evaluating penal statutes for vagueness. *See id.* We will find a probation condition unconstitutionally vague "only if individuals of ordinary intelligence would not comprehend it to adequately inform them of the conduct to be proscribed." *Patton v. State*, 990 N.E.2d 511, 516 (Ind. Ct. App. 2013). *See also Brown v. State*, 868 N.E.2d 464, 467 (Ind. 2007). Probation conditions, like criminal statutes, sufficiently inform probationers of restricted actions when they identify "the **generally** proscribed conduct." *Patton*, 990 N.E.2d at 516 (emphasis added). *See also Brown*, 868 N.E.2d at 467. Fastidious specificity is not required. In other words, probation conditions "need not list, with itemized exactitude, every item of conduct that is prohibited." *Patton*, 990 N.E.2d at 516.

When considering a vagueness challenge, we confine ourselves to the facts and circumstances of the case before us. *Brown*, 868 N.E.2d at 467. We will not allow a probationer "to devise hypothetical situations that might demonstrate vagueness." *Patton*, 990 N.E.2d at 516. What's more, we take the challenged probation provisions or language in context, not in isolation. *Brown*, 868 N.E.2d at 467.

Weida's vagueness challenge centers around Condition 8, which in relevant part provides:

> You are prohibited from accessing or using certain web sites, chat rooms, or instant messaging programs frequented by children.

Appellant's App. Vol. II, p. 48. Isolating the phrase "certain web sites . . . frequented by children," Weida claims Condition 8 lacks the requisite clarity and particularity to put him on notice of what conduct is prohibited. He therefore argues an explanatory list is necessary to rescue the condition from vagueness. We take his second point first.

In proposing an illustrative list to save Condition 8, Weida relies upon the Court of Appeals opinion in *Collins v. State*, 911 N.E.2d 700, 715-16 (Ind. Ct. App. 2009), *trans. denied*. There the contested probation condition provided: "You shall not participate in any activity which involves children under 18 years of age, such as, but not limited to, youth groups, Boy Scouts, Brownies, 4-H, YMCA, YWCA, or youth sports teams, unless given permission by the Court." *Id.* Like here, the defendant challenged the condition as unconstitutionally vague. The Court of Appeals observed the condition "consists of somewhat vague language that might otherwise be inadequate were it not sufficiently clarified elsewhere." *Id.* at 716. But because the condition "included a list of prohibited activities, including 'Boy Scouts, Brownies, [etc.]'" the Court of Appeals "conclude[d] the . . . list sufficiently clarifie[d]" the condition. *Id.*

Here, Weida urges that "[a]bsent a list of examples similar to that approved in *Collins*, Condition 8 must be found unconstitutionally vague." But *Collins* notwithstanding, our vagueness precedent instructs

that probation conditions, like criminal statutes, need not include an illustrative list of prohibited activities to pass constitutional muster. *See Brown*, 868 N.E.2d at 467; *Patton*, 990 N.E.2d at 516. Explanatory lists might be helpful but are not required. Recall, we do not demand fastidious specificity from probation conditions. We will not start now. *See Lock v. State*, 971 N.E.2d 71, 75 (Ind. 2012) (stating that to survive a vagueness challenge, the contested provision, like a criminal statute, "does not need to provide an express or explicit list of prohibited conduct with scientific precision, however much we might think it helpful").

Turning now to the merits of Weida's vagueness challenge, we observe that his argument focuses on specific language from Condition 8, "certain web sites . . . frequented by children." But our longstanding case law cautions against reviewing allegedly vague language in isolation rather than in context. *See State v. Beckman*, 219 Ind. 176, 180, 37 N.E.2d 531, 533 (1941) ("When all parts of the section from which the above quotations are taken are read and considered together, it clearly appears that some acts constituting reckless disregard for the safety of others are set out with sufficient certainty to meet the requirements of a valid statute defining a crime."); *Crump v. State*, 259 Ind. 358, 362, 287 N.E.2d 342, 345 (1972) (considering a vagueness challenge to specific language in the larger context of the foregoing statutes); *Brown*, 868 N.E.2d at 467 ("To determine whether the vagueness doctrine applies, we consider each [challenged] . . . term[] not in isolation, but in context."); *Smith*, 8 N.E.3d at 677 (evaluating a vagueness challenge to the use of "immediately" "within the context of Indiana's reporting statutes"). And so we review this contested probation term in the larger context of Condition 8 and Weida's probation conditions as a whole.

Considering Condition 8's prohibition on "accessing or using certain web sites . . . frequented by children" in the big picture, we understand the term to prohibit using websites that allow Weida to contact or communicate with children. Indeed, a handful of Weida's probation conditions work together to limit his contact or communication with children through any means, internet included.

Conditions 7, 8, and 9 specifically address internet contact and communication with each condition building upon the next. For example, Condition 7 requires Weida to consent to searches of his computer at any time. Appellant's App. Vol. II, p. 48. Condition 8 then prohibits him from accessing or using the internet to venture into any type of website that children regularly use to communicate. *Id.* After all, Condition 8 groups "certain web sites, chat rooms, or instant messaging programs" all together. Reading these terms in context leads us to understand that Condition 8 prohibits accessing or using internet websites that open the door to contact and communication with children. Condition 9 confirms that understanding by ultimately imposing the more specific restriction— no contact or communication with children over the internet, absent a written court order. *Id.*

Other probation conditions prohibit Weida from contacting or communicating with children through any medium.

Condition 20, for example, provides:

> You shall have no contact with any person under the age of 16 unless you receive court approval or successfully complete a court-approved sex offender treatment program, pursuant to IC 35-38-2-2.4. Contact includes face-to-face, telephonic, written, electronic, or any indirect contact via third parties.

Appellant's App. Vol. II, p. 49. Conditions 21 and 22 likewise forbid Weida from contacting or communicating with children in person. The former provides: "You shall not be present at schools, playgrounds, or day care centers unless given permission by the court." *Id.* The latter provides:

> You shall not participate in any activity which involves children under 18 years of age, such as, but not limited to, youth groups, Boy Scouts, Girl Scouts, Cub Scouts, Brownies, 4-H, YMCA, YWCA, or youth sports teams, unless given permission by the [c]ourt.

*Id.* On the whole, we read these conditions to prohibit Weida's contact and communication with children, period.

We further note that probationers are not required to decipher probation conditions alone, with no guidance. *See United States v. Romero*, 676 F.2d 406, 407 (9th Cir. 1982) ("In addition to the bare words of the probation condition, the probationer may be guided by the further definition, explanations, or instructions of the . . . court and the probation officer."). Here Weida was not left alone to understand these probation conditions on his own. The trial court instructed Weida regarding the conditions restricting his internet use. The court told Weida he could use the internet for the purpose of contacting and communicating with his own children. Tr. at 51, ¶¶ 8-11, 16-17.

Based on the foregoing, we find that a person of ordinary intelligence, reading all the probation conditions in context and receiving instructions from the court, would understand that Condition 8 forbids him from visiting websites that allow him to contact or communicate with children. Because Condition 8 provides sufficient clarity and particularity to give a person with ordinary intelligence fair notice of what conduct is generally proscribed, we hold the condition is not unconstitutionally vague.

## II. Condition 8 is neither unreasonable nor unduly intrusive on Weida's constitutional rights.

Weida next argues that Condition 8 creates a sweeping ban on the internet and is both unreasonable and unduly intrusive upon his First Amendment right to free speech. Evaluating Weida's argument entails a two-part analysis. First, using the abuse of discretion standard, we must determine whether Condition 8 is reasonably related to rehabilitating the probationer and protecting the public. If we find the provisions reasonable, we must address Weida's constitutional argument: that Condition 8 unduly intrudes upon his First Amendment rights.

### A. Condition 8's internet restrictions reasonably relate to Weida's rehabilitation and protecting the public.

We find that Condition 8 is reasonably related to Weida's rehabilitation and protecting the public. When a defendant commits a sex crime against a child, as happened here, it is reasonable to restrict that defendant's access to children through any medium. Restricted access to children simultaneously helps the defendant avoid temptation and protects the public. *See Patton*, 990 N.E.2d at 516; *Bratcher*, 999 N.E.2d at 879 (citing *Smith*, 779 N.E.2d at 117). Accordingly, the trial court did not abuse its discretion in imposing Condition 8 upon Weida.

### B. Condition 8's internet restrictions are not unduly intrusive upon Weida's right to free speech under the First Amendment.

Likewise, we find that Condition 8 does not unduly intrude on Weida's First Amendment rights. When faced with a challenge that a probation condition proves unduly intrusive upon a constitutional right we balance three factors:

1. [T]he purpose to be served by probation;
2. [T]he extent to which constitutional rights enjoyed by law-abiding citizens should be enjoyed by probationers; and
3. [T]he legitimate needs of law enforcement.

*Patton*, 990 N.E.2d at 515. We take each factor in turn.

First, as we have already noted there are two purposes for Weida's probation: rehabilitation and public safety. As we explained above, both purposes are served by preventing Weida from using the internet to contact and communicate with children because Weida committed his offense against a child.

Second, it is well-established that probation conditions "may impinge upon a probationer's right to exercise an otherwise constitutionally protected right because 'probationers simply do not enjoy the freedoms to which ordinary citizens are entitled.'" *Patton*, 990 N.E.2d at 515 (quoting

*Purdy v. State*, 708 N.E.2d 20, 22 (Ind. Ct. App. 1999)). We note Condition 8 does not ban internet access altogether, but only access to websites children use to communicate. In our view, this limitation does not severely curtail Weida's First Amendment internet activity vis-à-vis the average law-abiding citizen. Like normal Hoosiers, he can still use the internet to communicate with adults and complete the myriad everyday online tasks.

Third, although the internet played a small role in this crime, we acknowledge that Weida did not find or prey upon his victim using the internet. Unlike other sexual predators who locate and then lure their victims online, he did not carry out the crime using the internet. Accordingly, the law enforcement need for Condition 8 in this situation lessens compared to other cases.

On balance, we find Condition 8 does not unduly intrude upon Weida's First Amendment rights. Consequently, we hold that Condition 8 is constitutional as applied to Weida.

## III.    Condition 26 is not reasonably related to Weida's rehabilitation and maintaining public safety.

Weida levels the same multilayered attack against Condition 26—that it creates a blanket internet ban that is both unreasonable and unconstitutional as applied to him. We therefore employ the same analysis we previously applied: first deciding whether Condition 26 reasonably relates to rehabilitating Weida or protecting the public; and second, if necessary, deciding whether it unduly intrudes upon a constitutional right. Condition 26 provides in pertinent part:

> You shall not access the Internet or any other on-line service . . . without prior approval of your probation officer.

Appellant's App. Vol. II, p. 50.

To begin, we note that we do not anticipate receiving future challenges to Condition 26 like Weida's present challenge. Since Weida's sentencing

and our hearing this case, the standard Condition 26 underwent significant changes. It no longer imposes an expansive internet ban. The new Condition 26 now provides:

> You are prohibited from accessing, viewing, or using internet websites and computer applications that depict obscene matter as defined by IC 35-49-2-1 or child pornography as defined by 18 U.S.C. § 2256(8). You shall not possess or use any data encryption technique or program to conceal your internet activity.

*Sex Offender Special Conditions (Adult)*, INDIANA OFFICE OF COURT SERVICES, http://www.in.gov/judiciary/probation/files/prob-sex-offender-conditions-adult.pdf (last visited April 12, 2018). Although we see prudence in Condition 26's new, narrower internet restriction, we must still address Weida's arguments as to the old Condition 26 since the court imposed that version during his sentencing.

Weida labels the old Condition 26 a "blanket Internet ban" that "requires [him] to contact his probation officer **every time** he wishes to access the Internet." We feel compelled to explain that Weida is mistaken on both points. There is no blanket ban on all internet access for Weida here because in the sentencing hearing the trial court expressly granted him permission to access the internet at any time for the purposes of communicating with his children. Tr. at 51, ¶¶ 16-17 ("Item . . . 26 again, you can have access for the purpose of contact with your children at any time"). What's more, we don't read Condition 26 to demand that Weida receive prior approval **every time** he accesses the internet. "Prior approval" does not translate to "single-instance-approval." For example, in the initial meeting the probation officer could grant Weida ongoing permission to access the internet to search for jobs, pay bills, or read the *Wall Street Journal*. Weida's argument reads an onerous requirement into old Condition 26 that was simply not there.

Although we disagree with Weida's characterization of the old Condition 26, we agree its restriction on internet access in his case reaches beyond reasonableness into unreasonableness. In other words, Condition

26's prior broad prohibition on internet access but for the court's or the probation officer's permission, is not reasonably related to Weida's rehabilitation or maintaining public safety.

As we said, we live in an internet-saturated society. Cyberspace presents the primary conduit for information and communication. Given the importance and prevalence of the internet in today's world, we must decide when it is reasonable to curtail a probationer's internet access. Put differently, when is an internet restriction reasonably related to the probationer's rehabilitation and reintegration into society, and when does it protect the public from future harm?

Our Court of Appeals addressed these questions in several cases in the last decade, generally holding that the imposed internet restriction reasonably related to the purposes of probation or parole. *See Harris v. State*, 836 N.E.2d 267, 275-76 (Ind. Ct. App. 2005); *McVey v. State*, 863 N.E.2d 434, 450 (Ind. Ct. App. 2007); *Patton*, 990 N.E.2d at 516-17; *Bratcher*, 999 N.E.2d at 879. But recently the Court of Appeals sought additional guidance from other jurisdictions, specifically, those courts that consider whether the probationer previously used the internet in prior crimes or used it in the current crime. *Waters v. State*, 65 N.E.3d 613, 619-20 (Ind. Ct. App. 2016) (citing *United States v. Perazza-Mercado*, 553 F.3d 65, 72-73 (1st Cir. 2009); *United States v. Neeley*, 675 F. Supp. 2d 655, 658 (W.D. Va. 2009); *State v. Cornell*, 146 A.3d 895, 910-11 (Vt. 2016)), *trans. not sought*.

In *Waters*, the defendant pleaded guilty to criminal deviate conduct, battery resulting in bodily injury, and strangulation after he attacked a woman he took to a bar. *Id.* at 616. Waters received a twenty-one and one-half-years sentence, with sixteen years executed and five-and-one-half years suspended to probation. *Id.* The trial court imposed similar probation conditions to those Weida received here, including an identical Condition 26 that broadly prohibited internet access or use. *Id.* at 619. Waters challenged 26's internet restriction, arguing that since he did not victimize a child the condition proved unreasonable. *Id.*

In determining whether Condition 26 reasonably related to Waters' rehabilitation and protection of public safety, the Court of Appeals considered whether Waters previously used the internet illegally and

whether he used the internet during his current crime. *Id.* 619-20. Since Waters had not misused the internet in his past or present crimes, the court determined that the standard broad internet restriction was unreasonable. *Id.* at 620. The court opined a reasonable internet restriction would prevent Waters from meeting women or viewing sexually explicit materials. *Id.* The court remanded, instructing the trial court to "impose a narrower internet restriction that is more in line with Waters' conviction and 'issues with women.'" *Id.*

At first blush, it may appear that *Waters* charted a new path in evaluating whether probation conditions restricting internet use reasonably relate to rehabilitating the probationer or protecting the public. But it did no such thing. The *Waters* court applied the well-established reasonably-related analysis, but considered new questions based on the unique facts presented. We appreciate *Waters*' nuanced, fact-specific approach and apply it now.

Here, the record reveals Weida has no history of misusing the internet or using the internet to perpetrate a crime. However, the record does show that Weida used the internet shortly before committing incest with K.M. He admitted googling explicit photos and showing them to K.M. He likewise admitted viewing an incest website before having sex with K.M. We cannot ignore that when Weida enjoyed unfettered internet access he committed incest. Whether or not he intentionally groomed K.M. for sex, there is no doubt the two went from talking, to looking at sexually explicit material online, to having sex. But Weida's troubles recognizing sexual boundaries in person and online should not result in a far-reaching, broad internet ban. A more appropriate internet restriction—one that reasonably relates to his rehabilitation and protecting the public—will restrict his access to obscene or sexually explicit material. Such a restriction will assist him in rehabilitating and avoiding enticement to re-offend yet allow him to remain a productive member of our internet-dependent society. He can still look for jobs, attend classes online, pay bills, read news, and otherwise lead a rehabilitated life. We finally note that a narrower internet restriction does not sacrifice public safety since Weida will still be prohibited from accessing material that related to his offense.

We, therefore, find the trial court abused its discretion by imposing an unreasonable probation condition that did not reasonably relate to rehabilitating Weida and protecting the public. We remand this matter with instructions to impose a reasonable internet restriction in place of the old Condition 26. Since we decide this matter on Weida's unreasonableness claim, we need not address his constitutional argument that the condition unduly intrudes upon his free speech rights. *See Jean-Baptiste v. State*, 82 N.E.3d 878, 878 (Ind. 2017) (declining to address a raised issue based upon the longstanding principle of constitutional avoidance).

## Conclusion

Because probation conditions restricting a probationer's internet access prohibit what would otherwise be lawful conduct, they cannot be vague; they must reasonably relate to the probationer's rehabilitation and public safety; and they cannot unduly intrude upon constitutional rights. Believing two probation conditions (namely, Conditions 8 and 26) limiting his internet use did not meet these criteria, Weida brought this appeal. We now hold that Condition 8 is not vague, unreasonable, or unduly intrusive on Weida's constitutional rights. But Condition 26, as previously written and applied to Weida, is unreasonable since it does not reasonably relate to his rehabilitation and protecting the public. Accordingly, we affirm in part, reverse in part, and remand to the trial court for further proceedings consistent with this opinion.

Rush, C.J., and David, Massa, and Slaughter, JJ., concur.

ATTORNEY FOR APPELLANT

Brian A. Karle
Ball Eggleston, PC
Lafayette, Indiana


ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana