## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 30 2018, 6:50 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Derick W. Steele
Deputy Public Defender
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela N. Sanchez
Supervising Deputy Attorney
General

Lyubov Gore
Deputy Attorney General

Craig C. Siebe
Certified Legal Intern
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

James W. Geary, II,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

May 30, 2018

Court of Appeals Case No.
34A02-1711-CR-2724

Appeal from the Howard Circuit Court

The Honorable Lynn Murray, Judge

Trial Court Cause No.
34C01-1306-FB-89

**Mathias, Judge.**

[1] James W. Geary, II ("Geary") pleaded guilty to Class C felony child solicitation in the Howard Circuit Court in 2014. He received an eight-year sentence in the Indiana Department of Correction ("DOC") with five years executed and three years suspended to supervised probation. In November 2017, the trial court found that Geary violated his probation, and it ordered Geary to serve the remainder of his suspended sentence in the DOC. Geary now appeals arguing that the trial court abused its discretion when it revoked his suspended sentence.

[2] We affirm.

## Facts and Procedure

[3] In 2013, Geary was charged with Class B felony attempted sexual misconduct with a minor, Class C felony child solicitation, Class D felony sexual battery, Class A misdemeanor sex offender internet offense, and a habitual offender enhancement.[1] On March 27, 2014, Geary pleaded guilty to Class C felony child solicitation pursuant to a plea agreement that called for eight years in the DOC with five years executed and three years suspended to supervised probation. The trial court accepted Geary's plea and sentenced him in accordance with its terms.

---

[1] In 2014, the State added an additional charge of Class C felony sexual misconduct with a minor.

[4]     Geary was released from the DOC in July 2016. As part of Geary's supervised probation, he agreed to special probation conditions for adult sex offenders including: Condition 14, which states that Geary shall not engage in a sexual relationship with anyone who has a child under the age of sixteen unless given permission; Condition 17, which states that Geary shall not have any contact with anyone under the age of sixteen unless given court approval or after the successful completion of a court-approved sex offender treatment program; and Condition 25, which prohibits Geary from accessing certain web sites, chat rooms, or instant messaging programs frequented by children. *See* Appellant's App. pp. 38–40.

[5]     On September 22, 2017, the State filed a petition to revoke Geary's suspended sentence for violating the above three conditions. The State alleged that Geary violated Condition 14 by having a sexual relationship with L.B., who had a two-year-old child, M.B., at the time. And Geary had a sexual relationship with C.D., who had two children at the time, three-year-old S.D. and eight-month-old L.O. He allegedly violated Condition 17 by having contact with M.B. three to four times and contact with S.D. and L.O. over twenty times. Finally, the State alleged Geary violated Condition 25 by sending messages to L.B. via Facebook messenger.

[6]     On November 1, 2017, the trial court held a fact-finding and sentencing hearing on the State's petition. During the hearing, Geary admitted that all three

violations were true. The court then ordered Geary to serve the 1,095-day[2] remainder of his suspended sentence to be executed in the DOC. Geary now appeals.

## Discussion and Decision

Geary contends that the trial court abused its discretion when it ordered him to serve the balance of his previously suspended sentence in the DOC. Geary does not deny that he violated the terms of his probation; to the contrary, he admitted to having done so. He claims only that the trial court abused its discretion in ordering the execution of the entirety of the suspended sentence because although "rules were broken . . . rehabilitation is not served by simply throwing [him] aside when the process is difficult." Appellant's Br. at 6. The State responds that the trial court did not abuse its discretion because Geary's conditions of probation "do not exist solely to rehabilitate offenders" but "[t]hey also serve the critical function of protecting the community from offenders." Appellee's Br. at 8–9.

Upon a finding of a probation violation, a trial court may impose one or more of the following sanctions:

> (1) Continue the person on probation, with or without modifying or enlarging the conditions.

---

[2] Because Geary had been in jail since September 27, 2017, he had 82 days of credit time, and thus his remaining executed sentence at the time of the hearing was 1,013 days.

> (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.
>
> (3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

Ind. Code § 35-38-2-3(h).

[9] A defendant is not entitled to serve a sentence in a probation program; rather, such placement is a matter of grace and a conditional liberty that is a favor, not a right. *Abernathy v. State*, 852 N.E.2d 1016, 1020 (Ind. Ct. App. 2006). We review the trial court's sentencing decisions on probation violations for an abuse of discretion. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.* The trial court should be given considerable leeway in deciding how to proceed following the revocation of probation. *Id.* Consequently, so long as proper procedures have been followed, the trial court may order execution of a suspended sentence after revoking probation. *Goonen v. State*, 705 N.E.2d 209, 212 (Ind. Ct. App. 1999); *see also* I.C. § 35-38-2-3(h).

[10] Here, Geary was on probation for Class C felony child solicitation, and thus he was subject to certain special probation conditions for adult sex offenders. Geary readily admits to violating three of those probation conditions. *See* Tr. pp. 16–18. And Geary's counsel stated during the hearing, "yes, my client technically violated these rules." *Id.* at 22. The trial court later told Geary, "you had to follow the rules . . . these conditions aren't that hard to do, and I would

find that it's appropriate both for the protection of the community, particularly for the children involved, that you would be ordered to serve the balance of your suspended sentence." *Id.* at 24. We agree.

[11] Geary's only argument on appeal seems to be that the rehabilitative nature of probation is not served by ordering him to serve the remainder of his suspended sentence in the DOC. *See* Appellant's Br. at 6–7. However, Geary actively chose to violate *three* conditions of his probation. *See Beeler v. State*, 959 N.E.2d 828, 830 (Ind. Ct. App. 2011) (noting that violating a single condition is sufficient for a trial court to revoke probation), *trans. denied*. He knew what the conditions were, because he signed off on them. Moreover, he never attempted to notify the probation department that he was in relationships with these two women. Instead, Geary chose to disregard the conditions and the consequences of any potential violation. *See Weida v. State*, 94 N.E.3d 682, 687 (Ind. 2018).

[12] We also note that Geary has a prior conviction for child molestation in Georgia. And he violated the probation conditions in that case by having contact with two different minor children than those discussed in this appeal. Therefore, although we recognize that rehabilitation is a primary concern during sentencing, our supreme court has explained that "judges must have the ability to move with alacrity to protect public safety when adjudicated offenders violate the conditions of their sentences." *Stephens v. State*, 818 N.E.2d 936, 941 (Ind. 2004). And this is precisely what the trial court did here.

# Conclusion

[13] Because Geary overtly failed to abide by three probation conditions he agreed to follow, and because of his prior criminal history, the trial court was well within its discretion to order him to serve the 1,095-day balance of his previously suspended sentence. Accordingly, we affirm.

Riley, J., and May, J., concur.