## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 10 2020, 5:36 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

James D. Crum
Coots, Henke & Wheeler, P.C.
Carmel, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lauren A. Jacobsen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Nicholas Medalen,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

January 10, 2020

Court of Appeals Case No.
19A-CR-1522

Appeal from the Hamilton
Superior Court

The Honorable Michael A. Casati,
Judge

Trial Court Cause No.
29D01-0207-FB-52

**Friedlander, Senior Judge.**

[1]     Nicholas Medalen appeals the trial court's determination that he violated a condition of his probation. He also appeals the sentence the trial court imposed after revoking his probation. We affirm.

[2]     In 2003, Medalen pleaded guilty to five counts of child molesting, all Class C felonies. On May 6, 2004, the trial court imposed an aggregate sentence of forty years, with twenty years suspended. The conditions of his probation included the following: "No viewing or possession of any pornographic or sexually explicit materials." Tr. Vol. 3, State's Ex. 4, p. 64. In the sentencing order, the trial court further explained the condition as follows:

> Defendant shall not possess or view any pornographic or sexually explicit materials, including, but not limited to: videos, television programs, DVDs, CDs, magazines, books, Internet web sites, games, sexual devices or aids, or any material which depicts partial or complete nudity or sexually explicit language or any other materials related to illegal or deviant sexual interests or behaviors.

*Id.*, State's Ex. 3, p. 59. Medalen did not appeal his sentence.

[3]     Medalen completed the executed portion of his sentence and was released to probation. In November 2013, the State filed an information of violation of probation. Medalen was arrested. In April 2014, the trial court held a fact-finding hearing, determined Medalen had violated a condition of probation, and sentenced him to serve ten years of his previously-suspended sentence. Medalen did not appeal.

[4] Medalen finished serving that sentence and was again released to probation, under the supervision of the Hamilton County Courts Department of Probation Services ("probation department"). Upon his release, Medalen moved into a men's shelter in Terre Haute, Indiana. The shelter's manager, Matthew Mahoney, drove Medalen to his appointments. Mahoney noticed Medalen liked to draw and was impressed by one of his drawings, so he bought drawing supplies for him.

[5] On November 1, 2018, the probation department filed an information of violation of probation, alleging that Medalen had violated a term of his probation by looking at pornography on a computer at a job center. The trial court issued an arrest warrant, and Medalen was arrested at the shelter. Immediately after Medalen was removed from the premises, Mahoney packed up Medalen's belongings and prepared to move them and his mattress into storage, per the shelter's usual procedures. When Mahoney moved the mattress, he found approximately fifty images and drawings hidden underneath. One of the documents was the drawing that Mahoney had watched Medalen draw. The images and drawings included depictions of nude or mostly-nude females, some of whom were underage. Mahoney secured the documents and later arranged to deliver them to the probation department.

[6] On February 19, 2019, the State filed another information of violation of probation. The State alleged Medalen had violated a condition of probation by possessing pornography and/or sexually explicit materials.

On June 27, 2019, the court held a fact-finding hearing. After the hearing, the court determined Medalen had violated a condition of probation by possessing pornography and/or sexually explicit materials, as alleged in the February 19, 2019 information of violation of probation.[1] The court revoked his probation and ordered him to serve the remaining ten years of his sentence at the Indiana Department of Correction. This appeal followed.

# 1.

Medalen first challenges the trial court's revocation of his probation. He frames his appeal as a challenge to the sufficiency of the evidence, but in substance he argues that the condition of probation banning him from possessing pornography or sexually explicit materials is unconstitutionally vague.[2] We therefore address this appeal as a constitutional challenge.

The State argues that Medalen's constitutional claim is procedurally barred because he failed to object to the conditions of his probation at his sentencing hearing in 2004 or pursue a timely appeal after sentencing. The State further argues the vagueness claim is waived because he did not present it to the trial court during probation revocation proceedings. The State's arguments are well

---

[1] The court declined to determine that Medalen had violated a condition of probation as alleged in the November 1, 2018 information of violation of probation.

[2] Medalen argues that the condition of probation at issue here has already "been found to be overbroad, and vague," in cases involving other defendants, and need not be addressed again here. Appellant's Br. p. 5. We disagree. Medalen bears the burden of proving the trial court erred by misapplying the prior cases to the facts and circumstances of his case.

taken, but given that Medalen is presenting a constitutional claim, we choose to address the merits of his appeal. *See Payne v. State*, 484 N.E.2d 16 (Ind. 1985) (addressing a constitutional vagueness claim despite waiver).

[10] In general, trial courts enjoy broad discretion in establishing a defendant's conditions of probation, and we review a probation order for an abuse of discretion. *Weida v. State*, 94 N.E.3d 682 (Ind. 2018). When a defendant, like Medalen, challenges a probation condition on constitutional grounds such as vagueness, our standard of review is de novo. *Id.*

[11] The Indiana Supreme Court has explained how it reviews vagueness claims as follows:

> When faced with a vagueness challenge to a probation condition, i.e., the condition lacks the requisite clarity and particularity, we employ the same standard we apply when evaluating penal statutes for vagueness. We will find a probation condition unconstitutionally vague only if individuals of ordinary intelligence would not comprehend it to adequately inform them of the conduct to be proscribed. Probation conditions, like criminal statutes, sufficiently inform probationers of restricted actions when they identify the generally proscribed conduct. Fastidious specificity is not required. In other words, probation conditions need not list, with itemized exactitude, every item of conduct that is prohibited.
>
> When considering a vagueness challenge, we confine ourselves to the facts and circumstances of the case before us. We will not allow a probationer to devise hypothetical situations that might demonstrate vagueness. What's more, we take the challenged probation provisions or language in context, not in isolation.

*Id.* at 688 (quotations and citations omitted).

[12] Medalen claims that the condition of his probation that bars him from possessing pornographic or sexually explicit materials, as set forth in the conditions of his probation and the trial court's sentencing order, is unconstitutionally vague. He cites *McVey v. State*, 863 N.E.2d 434 (Ind. Ct. App. 2007), *trans. denied*, and *Fitzgerald v. State*, 805 N.E.2d 857 (Ind. Ct. App. 2004), in which panels of this Court invalidated as vague conditions of probation similar to the condition at issue here. In *McVey*, the challenged condition of probation stated:

> [You] shall not possess or view any pornographic or sexually explicit materials, including but not limited to: videos, television programs, DVDs, CDs, magazines, books, Internet web sites, games, sexual devices or aids, or any material which depicts partial or complete nudity or sexually explicit language or any other materials related to illegal or deviant interests or behaviors ….

863 N.E.2d at 447. The condition of probation at issue in *Fitzgerald*, 805 N.E.2d 857, was identical to the condition in *McVey*. We are also aware of *Smith v. State*, 779 N.E.2d 111, 118 (Ind. Ct. App. 2002), *trans. denied*, in which the Court concluded a condition of probation barring Smith from possessing "pornographic or sexually explicit materials" was unconstitutionally vague.

[13] *McVey, Fitzgerald,* and *Smith* are procedurally distinguishable from Medalen's case. Those three cases involved direct appeals from sentencing, in which the appellants challenged their conditions of probation in the abstract. There were

no facts indicating that a violation had occurred. By contrast, in Medalen's case the State alleged that he violated a condition of his probation, and there are concrete facts and circumstances to consider.

[14] Medalen hid approximately fifty images and drawings under his mattress. Some of the images and drawings depicted adult women in swimsuits and lingerie, displaying bare buttocks and mostly uncovered breasts. An individual of ordinary intelligence might or might not understand that such documents were barred by the condition of probation at issue here. *See, e.g.*, *Foster v. State*, 813 N.E.2d 1236, 1237 (Ind. Ct. App. 2004) (reversing revocation of Foster's probation; Foster was found to have "three Stuff for Men magazines and two Maxim magazines on the nightstand beside [his] bed," and the condition of probation banning possession of pornographic material was deemed unconstitutionally vague).

[15] But Medalen also possessed several drawings of nude female children, with their genitals clearly depicted, engaging in sexual behavior. One of the persons depicted is television character Lisa Simpson, who is generally known to be a child. Possession of a drawing "that depicts or describes sexual conduct by a child who the person knows is less than eighteen (18) years of age or who appears to be less than eighteen (18) years of age, and that lacks serious literary, artistic, political, or scientific value" is a Level 6 felony in Indiana. Ind. Code § 35-42-4-4 (2017).

[16]	There can be no doubt that child pornography would be included in the definition of "pornographic" or "illegal" materials as explained by the sentencing court in Medalen's case.  Tr. Vol. 3, State's Ex. 3, p. 59.  We conclude from the facts and circumstances of this case that an individual of ordinary intelligence would have understood that possessing sexual images of nude children violated the conditions of Medalen's probation, especially since his underlying convictions were for child molestation.  He has failed to demonstrate that the condition of his probation at issue is unconstitutionally vague.

## 2.

[17]	Medalen claims in passing that the trial court erred in ordering him to serve the remainder of his suspended sentence.  In support of this claim, he generally asserts that sentencing him to ten years in prison "for being in possession of photographs of scantily clad women and drawings of nude cartoon characters" was an abuse of discretion.  Appellant's Br. p. 7.  Medalen does not cite to any authorities in support of his claim.  An appellant's brief must contain "the contentions of the appellant on the issues presented," "supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on . . . ."  Ind. Appellate Rule 46(A)(8)(a).  We will not review the record and research authorities to make arguments on Medalen's behalf.  He has waived this claim for appellate review.  *See Burnell v. State*, 110 N.E.3d 1167 (Ind. Ct. App. 2018) (deeming waived seven of appellant's eight claims for failure to provide arguments supported by citations to legal authority).

[18]     For the reasons stated above, we affirm the judgment of the trial court.

[19]     Judgment affirmed.

Robb, J., and Vaidik, J., concur.