# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 01 2020, 9:23 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Michael D. Greer
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Justin F. Roebel
Supervising Deputy Attorney
General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael D. Greer, *Appellant-Defendant,* | May 1, 2020 |
| v. | Court of Appeals Case No. 18A-CR-3143 |
| | Appeal from the Shelby Circuit Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Trent Meltzer, Judge |
| | Trial Court Cause No. 73C01-0908-FB-15 |

**Sharpnack, Senior Judge.**

# Statement of the Case

Michael D. Greer appeals the trial court's denial of his Motion to Remove Probation Stipulation. We affirm.

# Issue

Greer raises one issue, which we restate as: whether the trial court erred in denying his motion.

# Facts and Procedural History

In August 2009, the State charged Greer with numerous offenses, including criminal deviate conduct, a Class B felony. The State also filed a repeat sexual offender sentencing enhancement. On April 11, 2011, the parties filed with the trial court a Joint Motion to Enter Plea of Guilty (Joint Motion). In the Joint Motion, Greer agreed to plead guilty to criminal deviate conduct and to being a repeat sexual offender. In exchange, the State agreed to dismiss the remaining charges.

The parties also agreed in the Joint Motion that, if the trial court accepted the plea agreement, Greer would be sentenced to twenty years for criminal deviate conduct, plus ten years for the repeat sexual offender sentencing enhancement, for a total of thirty years, with five years suspended to probation. Among other conditions of probation, Greer acknowledged that he would have to comply with a sex offender management program and with sex offender registry requirements.

[5] Also on April 11, the trial court held a hearing, at which the parties presented the Joint Motion. The trial court took Greer's guilty plea under advisement.[1]

[6] On May 17, 2011, the trial court held a sentencing hearing. The court accepted the parties' plea agreement and imposed the sentence set forth in the Joint Motion. In a sentencing order dated May 20, 2011, the court identified the conditions of Greer's probation, including requirements that he "comply with the sex offender management program as well as the special sex offender conditions of probation." Appellant's App. Vol. 2, p. 27. The Court further informed Greer that while he was on probation, he would have to "comply with the sex offender registry requirements." *Id.*

[7] During the May 17 hearing, Greer signed a document captioned "Standard Conditions of Probation." *Id.* at 28. In the document, Greer again acknowledged he would have to comply with a sex offender management program and comply with sex offender registry requirements.

[8] At the same hearing, Greer reviewed and signed a document captioned "Indiana Recommended Special Probation Conditions for Adult Sex Offenders." *Id.* at 29. In addition, the trial court read the document to Greer, and Greer stated that he had read and understood the document.

---

[1] A transcript of this hearing has not been included in the record.

The document contained a list of conditions. Each condition was preceded by spaces for a defendant's initials and a checkmark. The document explained, "[t]he special conditions checked below apply to you as a result of your sex offense conviction and should be initialed by you after you have read these conditions or after these conditions have been read to you." *Id.* Greer placed his initials next to the following relevant conditions:

> 2. You shall not reside within one thousand (1,000) feet of school property (as defined in IC 35-41-1-24.7 . . . for the period of probation . . . .

> * * * * *

> 3. [You] shall not reside within one thousand (1,000) feet of school property, or a youth program center or a public park.

> * * * * *

> 15. You shall not travel alone after 10 p.m. (including but not limited to: driving, walking, bicycling, etc.) unless given permission by your probation officer.

> 16. You shall notify your probation officer of your establishment of an intimate and/or sexual relationship. You shall notify any person with whom you are engaged in an intimate or sexual relationship of your sex-related conviction(s). You shall not engage in an intimate or sexual relationship with any person who has children under the age of 18 years.

> * * * * *

19.  You must never be alone with or have contact with any person under the age of 18.  Contact includes face-to-face, telephonic, written, electronic or any indirect contact via third parties.

20.  You shall not be present at schools, playgrounds, or day care centers unless given permission by the court.

21.  You shall not participate in any activity which involves children under 18 years of age, such as, but not limited to, youth groups . . . or youth sports teams, unless given permission by the Court.

* * * * *

27.  You are prohibited from accessing or using certain web sites, chat rooms, or instant messaging programs frequented by children.

*Id.* at 29-31.

[10]     On June 20, 2018, while he was still serving the executed portion of his sentence, Greer filed a "Motion to Remove Probation Stipulation."  *Id.* at 32.  Greer supplemented the motion by addendum on August 17, 2018.  In summary, Greer asked the trial court to revise the conditions of his probation to remove any restrictions on contacts with minors.  He also asked the court to remove the condition barring him from traveling alone after 10:00 p.m.  He claimed that those conditions would hinder his "re-entry into society" by restricting his contact with his younger relatives.  *Id.* at 32.  Greer further argued the restrictions would unfairly limit where he could live.

[11] On October 18, 2018, the trial court held a hearing on Greer's motion.[2] On November 27, 2018, the trial court issued an order. The court declined to remove any of the conditions Greer challenged, but the court modified several conditions restricting Greer's contact with minors so that Greer could seek the court's permission to relax those conditions on a case by case basis "as specific circumstances arise." *Id.* at 43. This appeal followed.

## Discussion and Decision

[12] Before we address the merits of Greer's argument, the State claims Greer cannot now challenge the conditions of his probation because he pleaded guilty and accepted those conditions as part of his plea agreement. We agree.

[13] A plea agreement is a contract, and once the trial court accepts it, the terms of the plea agreement are binding upon the trial court, the State, and the defendant. *Archer v. State*, 81 N.E.3d 212, 215-16 (Ind. 2017). In general, a person who pleads guilty may later challenge the merits of the trial court's sentencing decision only if "the trial court has exercised sentencing discretion, i.e., where the sentence is not fixed by the plea agreement." *Collins v. State*, 817 N.E.2d 230, 231 (Ind. 2004).

[14] In Greer's case, the parties agreed in the April 11, 2011 Joint Motion that he would serve an executed sentence of twenty-five years, plus five years of

---

[2] A transcript of this hearing has not been included in the record.

probation.  The parties further agreed that Greer would be subject to conditions of probation, including "comply[ing] with Sex Offender Mgmt Program/Terms of Probation."  Appellant's App. Vol. 2, p. 23.  The precise elements of the sex offender management program were not set forth in the agreement, but Greer was aware that, by pleading guilty, he would be subject to those additional requirements.  At the sentencing hearing, the trial court reviewed the requirements of the program with Greer, and he signed the document acknowledging he understood these additional conditions of probation.

[15]   We conclude that compliance with a sex offender management program, with terms to be detailed later, was part of the bargain to which Greer agreed.  He may not now challenge the terms of his probation, just as he may not challenge his executed sentence.  *See Freije v. State*, 709 N.E.2d 323, 325 (Ind. 1999) (explaining that "some 'special'' or 'additional' conditions that do not materially add to the punitive obligation" are a binding part of the plea agreement even if set forth in a separate form).[3]

[16]   Waiver notwithstanding, we turn to the merits of Greer's appeal.  He argues that the trial court erred in refusing to eliminate the conditions of probation barring him from interacting with children.  Greer reasons that he was convicted of a sex crime against an adult, and as a result, limitations on his

---

[3] In the alternative, the State argues that Greer also waived his challenge to the conditions of probation by failing to object to them at the sentencing hearing.  We need not address this issue.

contacts with children are not reasonably related to his rehabilitation or the safety of the public.

[17] A trial court may impose upon a defendant conditions of probation that are "reasonably related to the person's rehabilitation." Ind. Code § 35-38-2-2.3 (2009). As a result, trial courts have "broad discretion" in establishing a defendant's conditions of probation, and we will not disturb a trial court's probation ruling absent an abuse of that discretion. *Weida v. State*, 94 N.E.3d 682, 687 (Ind. 2018). A key inquiry is whether challenged conditions of probation are "reasonably related to rehabilitating the defendant and protecting the public." *Id.*

[18] Greer does not dispute that he is a sex offender. Indiana Code section 35-38-2-2.4 (2006) provides that as a condition of probation, the trial court may require a sex offender to avoid contact with any person under the age of sixteen without prior court approval. The statute does not distinguish between sex offenses involving adult victims or child victims. Further, the record indicates that Greer has committed crimes against children. A victim at his sentencing hearing testified that Greer is "escalating from what he first did to now adults."[4] Tr. Vol. 2, p. 7. Requiring Greer to refrain from contact with children is relevant to protecting public safety and his rehabilitation. *See Jackson v. State*,

---

[4] In addition, the State directs our attention to Greer's prior appeals, which discuss his past convictions of child molestation. *See Greer v. Buss*, 918 N.E.2d 607 (Ind. Ct. App. 2009). The State argues that Greer's repeat sex offender sentencing enhancement was based on his child molestation convictions, but the record does not identify which prior convictions were the basis for his sentencing enhancement.

816 N.E.2d 868, 871 (Ind. Ct. App. 2004) (affirming conditions of probation barring Jackson from being in contact with persons under the age of eighteen; conditions were related to Jackson's rehabilitation, even though his sex offense involved an adult victim; evidence indicated he committed the offense in the presence of a child).

[19] Greer cites *Bleeke v. State*, 6 N.E.3d 907 (Ind. 2014), in which the Indiana Supreme Court determined that conditions of Bleeke's parole barring him from contact with children were invalid. Bleeke, like Greer, had been convicted of a sex crime against an adult victim. We conclude *Bleeke* is distinguishable from this case for two reasons. First, parole and probation are two different circumstances. In fact, the *Bleeke* Court discussed *Jackson* and noted that probation conditions are within a trial court's discretion, as opposed to parole, which is a function of the executive branch. Second, there was no evidence that Bleeke posed a threat to children. In Greer's case, the record from his sentencing hearing, combined with his criminal record, demonstrate that he poses a risk to children.

[20] We are also aware of a closer, but still distinguishable case, *Waters v. State*, 65 N.E.3d 613 (Ind. Ct. App. 2016). Waters was convicted of criminal deviate conduct and other offenses against an adult victim. He pleaded guilty. Before he was released from incarceration, the trial court imposed conditions of probation barring him from contact with minors. Waters appealed, claiming that barring him from contacting minors was without evidentiary support. A panel of this Court concluded the conditions of probation were inappropriate

because there was no evidence that Waters was a threat to children. By contrast, in Greer's case there is evidence that he poses a risk to children. As a result, Greer has failed to demonstrate that the trial court abused its discretion by declining to eliminate the sex offender conditions of probation that bar him from contact with children without prior court permission.

## Conclusion

[21] For the reasons stated above, we affirm the judgment of the trial court.

[22] Affirmed.

Riley, J., and Bailey, J., concur.